**SANDERSON v. SANDERSON.**

No. 1415.

Court of Civil Appeals of Texas. Eastland.
March 29, 1935.

Rehearing Denied April 26, 1935.

G. G. Hazel, of Sudan, for appellant.

D. J. Brookreson, of Benjamin, for appellee.

FUNDERBURK, Justice.

Mrs. B. J. Kelton and Mrs. Emily Sanderson, both widows, executed a contract in writing, as follows:

"To whom it may concern:

"This is to certify that on this the 5th day of May, 1933, Mrs. Sallie Kelton and Mrs. Emily Sanderson enter into and agree on the following contract Mrs. Kelton agrees to give to Mrs. Sanderson to have and to hold forever the town house and all lots now owned by Mrs. Kelton, said lots and house located in Knox City, also household goods.

"Mrs. Kelton also agrees to give all income derived from her farm located in Haskell Co. to Mrs. Sanderson during the lifetime of Mrs. Sanderson, after the death of Mrs. Kelton. For which Mrs. Sanderson agrees to live with and take care of Mrs. Kelton during the lifetime of Mrs. Kelton.

"[Signed]     Mrs. B. J. Kelton
                    "Mrs. Emily Sanderson.
"Witnesses, J. W. Barnett, D. C.
            "Edna C. Barnett, D. C."

After the death of Mrs. Kelton, Mrs. Sanderson brought suit against E. S. Kelton and J. J. Sanderson, the latter in his individual capacity, and as executor of the estate of said Mrs. B. J. Kelton; to establish title to, and recover possession of, certain lots of land in Knox city, Tex., a life estate in certain land in Haskell county, Tex., and certain described personal property alleged to have been owned by Mrs. Kelton at the date of her death. The action was either one to try title to land (so far as the property involved was land) with said contract specially pleaded as plaintiff's title, or else it was, as construed by defendant, an action for specific performance of said contract. E. S. Kelton having filed a disclaimer, was dismissed. The trial court overruled a general demurrer to plaintiff's petition, but sustained three exceptions, denominated "special exceptions." One of the exceptions prayed judgment of the court that the action was one to specifically perform the written contract, and that the contract (that is, the contract set out above) was "too vague, uncertain and indefinite to be binding on the parties thereto." Another exception prayed judgment that the suit was an "attempt to enforce a contract for the conveyance of land, and same does not describe the lands therein referred to. The said written contract does not give the description of the lands, or attempt to show how many town lots, or how many acres of land, or even give the State in which same is supposed to be located. That while it states that the farm is in Haskell County, it does not state whether it is in Haskell County in the State of Oklahoma, or some other state, and same, therefore, is too vague and uncertain to be binding on the signers thereof." The other exception prayed judgment of the court that the action was for specific performance of the contract; that the contract "calls for purely personal services on the part of the plaintiff"; that such services were not performed on plaintiff's part because of alleged wrongful acts on the part of Mrs. Kelton; and that "equity will not attempt to enforce a contract for personal services not performed."

When the exceptions were sustained, the plaintiff declined to amend, whereupon the case was dismissed. The plaintiff has appealed.

We are called upon to determine whether the trial court erred in sustaining any or all of said exceptions and dismissing the suit.

█ It will be observed that each of the exceptions was predicated upon the assumption that the action was one for specific performance of the contract. We think the action, as its character was disclosed by the petition, was one to establish title to certain real and personal property and recover possession of same. However, we doubt if it be material whether we regard the petition as showing an action to try title, or for specific performance. Each of the exceptions challenge the sufficiency of the petition only by reason of the provisions of the contract. Such provisions being fixed and unchangeable, it is manifest the exceptions were not, accurately speaking, "special exceptions." They must be treated each as a different reason why it was contended the petition failed to state a cause of action. In other words, our problem is to determine whether, for any of the reasons mentioned in the exceptions, the petition was subject to general demurrer.

█ We think it cannot be held, as a matter of law, that the contract was so "vague, uncertain and indefinite" as not "to be binding on the parties thereto." It may be granted that the contract is ambiguous. But an ambiguous contract may be made certain by competent evidence.

Plaintiff was not required to plead her title to the land. In specially pleading the contract as title, she limited herself to proof of such title as came to her through the contract, but that rule does not impose the burden of alleging all the facts to show the validity of the title. The rule against pleading mere evidence would, we think, still apply. For the exception to be good, it must have appeared that no title could be provable as coming through the contract and dependent upon it. This, we think, cannot be said to be the case.

■ The next exception presents more specifically the same objection to the contract already noticed above; namely, that it was "too vague, uncertain and in-definite." The objection here is that the contract does not itself describe the lands. It is immaterial that it does not. The material inquiry is, Does it furnish the means whereby the lands may be located on .the grounds? The property was described in the contract as "the town house and all lots now owned by Mrs. Kelton, said lots and house located in Knox City; also household goods." Also "all income derived from her farm located in Haskell County." We think the contract is, or may be shown to be, in so far as it deals with the land, a deed. It may be ambiguous as to whether title to the land vested at once, or at the death of Mrs. Kelton. She being dead, this point is not material here. Whether the description of the land was sufficient may be tested by established rules of law relating to deeds. One is that a deed is not void for uncertainty of description, unless on its face the description cannot by extrinsic evidence be made to apply to any definite land. 14 Tex. Jur. p. 988, § 201. Another is: "The office of a description in a deed is not to identify the land, but to furnish means of identification. It is not at all necessary that the deed should contain such a full description as will enable the land to be ascertained without extrinsic testimony." Id. Again: "It is a well settled proposition that, if a deed furnishes other sufficient means of identifying the property conveyed, it is not invalid because it fails to state * * * the county or state wherein the land is situated." 14 Tex. Jur. p. 1001, § 212. The extrinsic evidence admissible under the above rules to apply the description in a deed to particular property may consist of parol testimony. 14 Tex. Jur. p. 988, § 201, and authorities cited under note 19.

We think the description in the contract was not void on its face, which it must have been to warrant the court's judgment on this exception.

■ The last of the three exceptions sustained overlooked the important point that plaintiff's suit did not put in issue the obligation of plaintiff under the terms of the contract. Plaintiff's obligation was one for the performance of personal services to which the principle invoked does have application. It was Mrs. Kelton's obligation which the suit seeks to enforce, and that was to give the property to the plaintiff. Whether such obligation was executed by the vestiture of title at the time of the contract, or was executory until Mrs. Kelton's death, it had matured, in any event, when the suit was brought. The principle here relied upon to sustain the action of the court below is therefore not applicable.

■ But, suppose we are in error in construing the contract to be a deed. There certainly can be no question that it is in part a contract to convey land. The consideration was the promise of Mrs. Sanderson to "live with and take care of Mrs. Kelton during the lifetime of Mrs. Kelton." If Mrs. Sanderson had lived with and taken care of Mrs. Kelton until the death of the latter, would she not have had at least an equitable title to the land? She would have had no less an equitable title if it could be shown, as alleged, that, although Mrs. Sanderson did not fully perform her obligation, the only reason was because she was wrongfully prevented by the other party to the agreement. An equitable title would support the action for recovery of the land, and as against a general demurrer the pleading was sufficient upon that theory.

Questions regarding failure of consideration, rescission, or any other defensive matters have, of course, no bearing in passing upon the sufficiency of the pleading as against the criticism made in the exceptions.

In view of further proceedings in the case, we do not wish to imply that, in our opinion, the contract, in so far as it dealt with the "income derived from her farm located in Haskell County," gave any interest in the land as such. Appellant seems to construe that provision as granting her a life estate in the farm. Upon this question we are not at this time pre-

pared to express an opinion either way; it not being presented for decision..

Being of the opinion that the court erred in sustaining each of the special exceptions, and that therefore the judgment should be reversed and the cause remanded, it is so ordered.