## CHANDLER v. KOUNTZE et al.

### No. 10785.

Court of Civil Appeals of Texas. Galveston.

June 1, 1939

Rehearing Denied June 28, 1939.

Sidney P. Chandler, of Corpus Christi, for appellant.

Geo. P. Willis, Jr., of El Campo, and C. F. Herring, Edward Clark, and Everett L. Looney, all of Austin, for appellees.

MONTEITH, Chief Justice.

This is a suit brought by appellees, Charles T. Kountze and Denman Kountze, against appellant, W. E. Chandler, to collect the amount due on four vendor's lien notes, and to foreclose the vendor's lien on 14.25 acres of land out of E. T. R. R. Co. Survey, Section 10, in Wharton County, Texas.

Appellant answered by general demurrer and general denial, and by special plea alleged that at the time of their conveyance to him appellees did not own the property in question. By cross-action he sought to recover the amount of money paid appellees by him, and in the alternative prayed that he be awarded a one-half interest in said land upon payment by him of one-half of the original purchase price. He also alleged an agreement with appellees to release a one-acre tract out of said land, and sought damages in the sum of $2500 for their alleged failure to carry out said agreement.

The case was tried before the court without the intervention of a jury. Based on findings of fact by the trial court, which were filed, judgment was rendered against appellant and in favor of appellees in the sum of $2519.60, with foreclosure of the vendor's lien and sale of the land under execution.

By deed dated January 3, 1908, the Texas Land & Cattle Company conveyed to Charles T. Kountze and Luther L. Kountze, "as joint tenants, with all the rights of such tenants at common law, including the right of survivorship", various tracts of land in Wharton County, Texas, including: "The fractional parts of survey No. 10, E. T. R. R. Co., lying east and west of the town of South El Campo, patented to John B. Murford on June 17, 1884, by virtue of Certificate No. 30, patent No. 21, Vol. No. 4, containing 58 acres of land, more or less, and being all of said Section 10 owned by vendor." On the same day the Texas Land & Cattle Company executed a "blanket deed", which recited that in case of omission, misdescription, and insufficient description in the said deed dated 1-3-08, that said latter deed conveyed to Charles T. Kountze and Luther L. Kountze, "as joint tenants, with all rights of such tenants at common law, including the right of survivorship, all real property of every nature and description and wheresoever situated within the State of Texas, belonging to or standing in the name of said Texas Land & Cattle Company."

Luther L. Kountze died on April 9, 1925, testate, leaving surviving him his wife, Alice Anderson Kountze, his son, Harkness Kountze, and a daughter, Adeline Kountze Millard. In his will, which was duly admitted to probate, his wife, Alice Anderson Kountze, was appointed executrix.

After the death of Luther L. Kountze, Charles T. Kountze, by deed dated November 24, 1925, conveyed to Charles T. Kountze and Denman Kountze in consideration of "One Dollar and other valuable considerations in hand paid * * * 'as joint tenants, with all rights of such tenants in common law, including the right of survivorship'" various tracts of land, including "Fractional parts of Survey 10, E. T. R. R. Co., lying west of the town of South El Campo, patented to John B. Murford, on June 17, 1884, by virtue of Certificate No. 30, Patent No. 21, Vol. 4, Abstract No. 523, containing 23.18 acres, more or less."

By a "blanket deed" dated September 14, 1936, Charles T. Kountze conveyed to himself and Denman Kountze, as joint tenants, with right of survivorship, all the real estate in the State of Texas which the Texas Land & Cattle Company sold to Charles T. Kountze and Luther L. Kountze on the 3rd day of January, 1908. This instrument was executed "to take care of and cover mistakes, misdescriptions or insufficient descriptions appearing in the deed executed by him to himself and Denman Kountze dated November 21, 1925.

By deed dated January 30, 1929, Charles T. Kountze and Denman Kountze conveyed to appellant 14.26 acres of land in Wharton County, Texas, out of the southwest corner of Survey No. 10, E. T. R. R. Co., patented to John Murford and described by field notes, for a consideration of $635 cash and the execution by appellant of his five vendor's lien notes for the sum of $373 each, payable to Charles T. Kountze and Denman Kountze in 1, 2, 3, 4, and 5 years, respectively. The first of said notes was paid by appellant. Thereafter, by agreement dated January 19, 1935, appellant and appellees entered into an agreement extending the date of payment of said four notes to January 30, 1936.

It is the contention of appellant that Article 2580, Revised Statutes of 1925, which abolished joint tenancy and survivorship as they existed at common law, prohibits the creation of an estate by contract by the parties concerned, by the terms of which,

on the death of a joint owner before severance, his interest in said joint estate shall pass to and vest in the surviving co-tenant; that, on the death of Luther L. Kountze, his undivided one-half interest in the property acquired in the two deeds from the Texas Land & Cattle Company, dated January 3, 1908, passed to his heirs and legal representatives and not to Charles T. Kountze, the survivor, as provided in said deeds, and that Charles T. Kountze and Denman Kountze conveyed to appellant only their one-half undivided interest in said 14.26 acres of land.

Article 2580 of the Revised Statutes reads as follows: "Art. 2580. (2471) (1698) (1655) Jus accrescendi abolished.—Where two or more persons hold an estate, real, personal or mixed, jointly, and one joint owner dies before severance, his interest in said joint estate shall not survive to the remaining joint owner or joint owners, but shall descend to, and be vested in, the heirs or legal representatives of such deceased joint owner in the same manner as if his interest had been severed and ascertained." Act March 18, 1848, p. 129; P.D. 3429; G. L. Vol. 3, p. 129.

While the wording of Article 2580 indicates a legislative intent to abolish the relationship of joint tenancy where it would otherwise have been created by law, including the common-law doctrine of survivorship, there is nothing in the subject matter of the act which would, in our opinion, justify the presumption that the legislature intended to thereby prevent the parties to a contract, a will, or a deed of conveyance, from providing among themselves that the property in question should pass to and vest in the survivor as at common law.

We have been cited no Texas cases involving an interpretation of Article 2580 and the relationship of joint tenancy and its incidental doctrine of survivorship. We have, however, been referred to the following cases from other states interpreting the provisions of acts similar to Article 2580.

The courts of Kansas, which has by statute R.S. 22—132 abolished joint tenancy and survivorship as they existed at common law, do not hold unlawful a contractual arrangement which conferred equivalent legal rights and obligations among the parties concerned. Malone v. Sullivan & Williams, 136 Kan. 193, 14 P.2d 647, 85 A.L.R. 275.

In the case of Withers v. Barnes, 95 Kan. 798, 149 P. 691, Ann.Cas.1917B, 55, the court, in construing the Kansas statute, held that it merely put an end to joint tenancy and survivorship as a matter of law, and did not undertake to forbid joint tenancy and survivorship by negotiation or contract of the parties concerned.

In the case of Equitable Loan & Security Co. v. Waring, 117 Ga. 599, 44 S.E. 320, 62 L.R.A. 93, 97 Am.St.Rep. 177, the Supreme Court of Georgia held that joint tenancy, with its incident of survivorship as it existed at common law, was abolished by Civil Code of 1895, section 3142, and that while survivorship was not favored by the law of that state and would never arise by operation of law, it was not prohibited, and when a contract provided for it in express terms or by necessary implication the law would allow the contract to be enforced.

In the case of Ball v. Deas, 2 Strob.Eq., S.C., 24, 49 Am.Dec. 651, the Court of Appeals in Equity of South Carolina held, that where by the terms of a will an estate in joint tenancy as at common law is created, and one or more of the tenants die in the lifetime of the testator, the survivor takes all of the estate as at common law.

In the case of Lober v. Dorgan, 215 Mich. 62, 183 N.W. 942, 943, the Supreme Court of the State of Michigan said:

"It seems to me the question is open as to what force we will give the words 'with sole right to the survivor.' In the Ludwig Case [Ludwig v. Bruner, 203 Mich. 556, 169 N.W. 890] we said we would not, as a matter of law, infer from the words 'joint tenants' the ordinary incident of survivorship, but that is not the question here. Here it is a question of contract. The parties themselves have provided for survivorship by agreement. The parties having so contracted, is there any valid reason why we should refuse to enforce their agreement? Our statute does not prohibit such a contract. There is nothing in the agreement which is immoral or against the public good. If this be so, why should a court of last resort arbitrarily say to the citizens of its state: 'You may not contract that the survivor of two grantees shall succeed to the title of personal property.'

\* \* \*

"In many states joint tenancies with their common-law incidents have been abolished by legislation, but even in those states where joint tenancies result from express contract they are recognized as valid.

\* \* \*

"In Michigan the doctrine of common law with reference to joint tenancies in personal property has never been adopted. * * * But this fact does not furnish any reason for holding that parties may not create them by express contract."

In Burns v. Nolette, 83 N.H. 489, 144 A. 848, 851, 67 A.L.R. 1051, the New Hampshire Supreme Court had before it a suit in assumpsit to recover certain moneys in a savings account, the basis of the recovery being that the money was to go to the survivor, by agreement. The court upheld the agreement, saying: "If there can be such a thing as a joint holding of personal property, in the sense that there is a right of survivorship, no valid reason appears for denying the right of an owner of the complete title to create such an interest by a gift of a portion of the title. The rule in this state (induced by the statute as to real property) is that there is a presumption against joint interests in personalty; but the power to create such interests has long been recognized."

The Supreme Court of Utah, in the case of Holt v. Bayles, 85 Utah 364, 39 P.2d 715, 718, in a case involving the right of a legatee under a will to recover the proceeds of a bank account belonging to the deceased, in which the defendant claimed the deposit under an agreement with deceased that the entire remainder of such bank account should go to the survivor; said: "Where there is a joint agreement executed by the parties which clearly declares the intention to create a joint interest of each in the deposit or credit, the courts will sustain such intention thus expressed."

The Supreme Court of Pennsylvania has had occasion to consider the exact problem with which we are here concerned in Redemptorist Fathers v. Lawler, 205 Pa. 24, 54 A. 487, 488. In this case one Miller deeded certain lands to four men "as joint tenants and not as tenants in common." All of the four men died and the last to die left a will and the legatees and devisees under this will are sued for part of the property by the heirs of the three other men. The court held:

"The act of March 31, 1812 (5 Smith's Laws, p. 395 [20 P.S. § 121]), expressly abolished the right of survivorship * * * and provided that 'whatever kind of estate or thing holden be, the parts of those who die first * * * shall be considered * * * in the same manner as if such deceased joint tenants had been tenants in common.'

"But it is not forbidden by this act, nor made illegal in any way, to create by grant or devise an estate with the same attribute of survivorship as joint tenancy at common law. Thus a grant to three for their joint lives, with remainder to the survivors and survivor, and to the heirs of the survivor in fee, would be unquestionably good, and yet it would be practically a grant to the three in joint tenancy, with survivorship as at common law. This was substantially the case of Arnold v. Jack's Ex'rs, 24 Pa. 57, and it was there held that, though survivorship as an incident of joint tenancy has been abolished, it may still be created or conferred by express words in a deed or will."

In the case In re Hutchinson's Estate, 120 Ohio St. 542, 166 N. E. 687, 690, the Supreme Court of Ohio, in a case involving the construction of a will in which the testator had attempted to devise a part of certain property owned jointly by himself and another, in discussing the question of survivorship, said:

"The principal contention in the arguments of counsel relates to the right of contract for survivorship in Ohio. It may be broadly stated that title to either real or personal property by technical joint tenancy is not recognized in this state; that is to say, joint tenancy, with the necessary attributes of unity of interest, title, time, and possession, and the equally necessary concomitant of jus accrescendi, is no longer recognized, and wherever the expression 'joint tenancy' is found, without any effort to expressly provide for survivorship, it is uniformly construed as a tenancy in common. In many states of the Union statutes have been passed abolishing joint tenancy. No such statute has ever been enacted in Ohio, but early in the history of our state a statute was enacted * * * which gave the right of partition among joint tenants. Inasmuch as there could be no partition where the estate of all joint tenants except the last survivor would necessarily terminate at death, there was nothing to be parted. In harmony with this provision of the statute, this court has many times declared that technical joint tenancy in Ohio does not exist." Authorities cited.

"It does not follow from the foregoing authorities that parties may not contract for a joint ownership, including the right of survivorship, where such right is intended, and where the operative words of the grant clearly express that intention. The Legislature of this state has never de-

clared, neither has this court ever so held. On the contrary, in [one case the court recognizing the doctrine of survivorship as provided by deed, said]: 'He holds title, not upon the principle of survivorship, as an incident to a joint tenancy, but as grantee in fee, as survivor, by the operative words of the deed.'"

In the case of McLeroy v. McLeroy, 163 Tenn. 124, 40 S.W.2d 1027, 1028, the Supreme Court of Tennessee, in construing Article 7604 of the Tennessee Code, which provides that in all estates, real or personal, held in joint tenancy, the part or share of any tenant dying does not descend or go to the surviving tenant, but shall descend and be vested in the heirs, executors, or administrators, respectively, of the tenant so dying in the same manner as estates held by tenancy in common, said: "At common law where an estate was granted to A and B and the latter died the former became vested with the entire estate, and to change this rule the statute in question was enacted. The authorities are practically unanimous in holding that such statutes in no wise abridge or prohibit the creation of an estate of survivorship by will or deed."

We think that the provisions of the deeds above referred to with reference to survivorship were not void as in contravention of Article 2580, but that such provisions are valid and enforceable as the clearly expressed intention and desires of the contracting parties.

The appellant further contends that the deed of January 3, 1908, from the Texas Land & Cattle Company to Charles T. and Luther L. Kountze, conveying 58 acres of land, more or less, and the deed of November 21, 1925, from Charles T. Kountze to himself and Denman Kountze, conveying 23.18 acres of land, are void for uncertainty of description. We are unable to agree with appellant's contention.

The courts of this state have uniformly held that the office of a description in a deed is not to identify the land, but to furnish means of identification; that it is not necessary that the deed should contain such a full description as will enable the land to be ascertained without extrinsic evidence; Blackwell v. Scott, Tex.Civ.App., 223 S.W. 334; 14 Tex.Jur., 201; Sanderson v. Sanderson, Tex.Civ.App., 82 S.W.2d 1008.

In the case of Coppard v. Glasscock, 46 S.W.2d 298, 299, by the Commission of Appeals, the deed contained the following description: "all of the property of said syndicate of whatsoever description and wheresoever situated, including land, leases, royalties, wells, drilling equipment, machinery, power plants, automobiles, etc." The Court, in upholding the description as sufficient, said: "It is a general rule of law that any description which specifies a property intended to be conveyed, and the instrument furnishes the means of determining the particular property covered by the instrument, or which could be ascertained by inquiry as to what property is owned by the grantor in the instrument, is legally sufficient. * * *"

The court in the case of Rhoden v. Bergman, Tex.Civ.App., 75 S.W.2d 993, 995, held the following description to be sufficient: "The one hundred acres off of a tract of land patented to W. W. Davis by the State of Texas on the 26th day of Sept. 1863, and sold by W. W. Davis to Ely Rhoden December 10th, 1866, this 100 acres is the N. E. part of said tract of land and joining the John Pitts on the East and Rail Road lands on the South." Huffman v. Easthman, 19 Tex.Civ.App. 227, 47 S.W. 35; Hunter v. Morse's Heirs, 49 Tex. 219.

In the case of Brooks v. Temple Lumber Co., Tex.Civ.App., 105 S.W.2d 386, 387, the court held the following description to be sufficient: "* * * the following described * * * land to-wit: 'The same being known as a part of the Daniel Tatom pre-emption lying North of Lows Creek and contains ten acres more or less. * * *"

Further, if the specific deeds themselves be considered insufficient, the "blanket deeds" would suffice to cure any uncertainty of description in the deeds of January 3, 1908, and November 21, 1925.

While the "blanket deed" from Charles T. Kountze to himself and Denman Kountze was not executed until September 4, 1936, several years subsequent to the execution of the deed from appellees to appellant, appellees would be estopped by said deed from asserting an after-acquired title to said property. Wadkins v. Watson, Tex.Civ.App., 21 S.W. 636; Lindsay v. Freeman, 83 Tex. 259, 18 S.W. 727; Schnabel v. McNeill, Tex.Civ.App., 110 S.W. 558, affirmed by the Supreme Court in 102 Tex. 196, 114 S.W. 108.

In the case of Miller v. Pullman, Tex.Civ. App., 72 S.W.2d 379, 382, writ of error refused by the Supreme Court, the court held: "It is well settled that a description in a deed describing the property as all of the

**332**

lands or interest in lands belonging to the grantor, as in the deed from the Western Land Corporation to the South Texas Mortgage Company, is sufficiently definite to constitute a valid description of the property which is shown by extrinsic evidence to have belonged to the grantor at the time of the conveyance."

In the case of Sanderson v. Sanderson, Tex.Civ.App., 82 S.W.2d 1008, 1010, objection was made that a contract did not itself describe the land. The court in its opinion said: "It is immaterial that it does not. The material inquiry is, Does it furnish the means whereby the lands may be located on the grounds? * * * 'The office of a description in a deed is not to identify the land, but to furnish means of identification. It is not at all necessary that the deed should contain such a full description as will enable the land to be ascertained without extrinsic testimony.' * * * 'It is a well settled proposition that, if a deed furnishes other sufficient means of identifying the property conveyed, it is not invalid because it fails to state * * * the county or state wherein the land is situated.'" 14 Tex. Jur., pp. 988 and 1001.

■ Appellant assigns error in the action of the trial court in rendering judgment against him on his right to partition, after the announcement by his counsel, and before the court had announced his decision, that he desired to take a non-suit as to his right to a partition.

In his trial pleading, appellant sought a partition of the 14.26 acres of land in question under an alleged agreement with appellees to have one acre of said 14.26 acres released to him.

The court in its judgment recited that the attorney for appellant, in his argument before the court, stated that he would withdraw his prayer for partition, but the court found on the facts that appellant was not entitled to said partition.

We are unable to sustain appellant's contention. Appellees having asked for foreclosure of a vendor's lien on the entire 14.26 acres of land in question, any action of the court on an application for a partial non-suit which would disturb the status of said tract of land would have prejudiced the rights of appellees to the affirmative relief sought by them. Article 2182, Revised Statutes 1925. Further, there is no showing in the record that said application was brought to the attention of the court by counsel for appellant in the form of a mo-

tion for permission to withdraw his prayer for partition, and no order was entered thereon by the court, the only showing in the record of such intention being a recitation in the judgment that counsel in his argument had stated that he would withdraw his prayer for partition.

We have carefully examined all assignments and propositions, and finding no reversible error, the judgment of the trial court is affirmed.

Affirmed.