Paul Huser, Schulenburg, for appellant.

Armond G. Schwartz, Hallettsville, for appellee.

## ADAMS v. JONES.

### No. 10128.

Court of Civil Appeals of Texas. Austin.

May 6, 1953.

HUGHES, Justice.

This suit is a consolidation of two suits both relating to the estate of Lemon Adams, deceased.

In one suit the trial court denied the application of appellant, Beatrice Adams, widow of Lemon Adams, for letters of administration upon his estate, the court finding that no necessity existed for such administration.

The second suit involved a joint bank account of $1,110.92 standing in the names of deceased, Lemon Adams, "or" his niece, appellee Ruth Jones. The trial court held this account to be the property of Ruth Jones. We will dispose of this feature of the appeal first.

Appellant and Lemon Adams consummated a common law marriage about January 4, 1949.

In 1942 Lemon Adams opened an account in the First National Bank of Schulenberg, Texas, in his own name.

In 1945 this account was changed to a joint account and the following instrument was executed by Lemon Adams and his niece Ruth Jones:

"Joint Account—Payable To Either Or Survivor

"We agree and declare that all funds now, or hereafter, deposited in this account are, and shall be our joint property and owned by us as joint tenants with right of survivorship, and not as tenants in common; and upon the death of either of us any balance in said account shall become the absolute property of the survivor. The entire account or any part thereof may be withdrawn by, or upon the order of, either of us or the survivor.

"It is especially agreed that withdrawals of funds by the survivor shall be binding upon us and upon our heirs, next of kin, legatees, assigns and personal representatives.

"(Signed)   Lemon Adams
(Signed)   Ruth Jones"

Ruth Jones never at any time made a deposit to such account or withdrew any money therefrom, all such deposits and withdrawals being made solely by Lemon Adams.

All of the monies deposited to such account were the separate funds of Lemon Adams.

This case turns upon the validity of the joint account agreement.

Appellee contends that the following cases are conclusive in her behalf: Chandler v. Kountze, Tex.Civ.App., 130 S.W.2d 327 (Gal. writ ref.); Pruett v. First National Bank of Temple, Tex.Civ.App., 175 S.W.2d 658 (Austin); and Shroff v. Deaton, Tex. Civ.App., 220 S.W.2d 489 (Texarkana).

In Chandler v. Kountze it was held that notwithstanding the provisions of Art. 2580, V.A.C.S., abolishing the common law doctrine of survivorship in the event of the death of a joint owner before severance that [130 S.W.2d 329]:

" * * * there is nothing in the subject matter of the act which would, in our opinion, justify the presumption that the legislature intended to thereby prevent the parties to a contract, a will, or a deed of conveyance, from providing among themselves that the property in question should pass to and vest in the survivor as at common law."

In Pruett v. Bank this Court held that the Bank was not liable for paying to the order of the survivor of a joint account a deposit created under terms similar to those involved here, the Bank having no prior notice of adverse claims. Art. 541d, V.A.C. S., repealed in 1943 [1], p. 164, Acts Reg.Sess. 48th Leg., but in force when the deposit was made was cited by the court as requiring release of the Bank from liability. This statute expressly provided for the protection of the Bank in making payments under the circumstances stated.

Shroff v. Deaton followed the decision in Chandler v. Kountze under a similar state of facts but in addition based its decision on an unchallenged fact finding of a gift from the deceased joint tenant to the survivor of the joint account.

Appellant cites and discusses only one Texas authority in addition to those mentioned above as bearing upon the question presented which is Olive v. Olive, Tex.Civ. App., 231 S.W.2d 480, 481 (Dallas). In this case the joint account agreement read:

"The persons named above hereby open a checking account in First National Bank in Dallas on the terms and conditions stated on the deposit slip or pass book evidencing the deposit made into such account on this day or on the date nearest to the signing hereof, and by the signatures which appear below such persons hereby agree to such terms and conditions. In addition, First National Bank in Dallas is hereby authorized to pay to either of the undersigned, or to the survivor of them any funds now on deposit in such account, as well as any additions hereafter made thereto by either of the undersigned."

The terms and conditions of the deposit slips and pass books referred to in such agreement are not shown in the court's

1. See present Article 342–710, V.A.C.S.

opinion. With reference to such agreement the court held that "neither does the form and content of this joint deposit card conclusively establish ownership of the account" in the survivor.

The court in its opinion did not cite Chandler v. Kountze and there was no occasion for it to do so because the agreement before it did not purport to fix ownership of the deposit in the survivor. It only authorized the bank to pay the deposit to the survivor.

 The agreement before us does not merely authorize the bank to pay the deposit to the survivor but by plain language of easy understanding it absolutely constitutes the survivor the sole owner of the fund.

We consider the validity of this agreement to be sustained and the question foreclosed, insofar as this Court is concerned, by the decision in Chandler v. Kountze and the action of the Supreme Court in refusing a writ of error to review such opinion.

The grounds upon which courts have sustained such agreements have varied. Some courts have relied upon the law of gifts, others upon the law of contracts and trusts. See 7 Am.Jur., Secs. 426–436, 9 C. J.S., Banks and Banking § 286, p. 595, and the very able opinion in Beach v. Holland, 172 Or. 396, 142 P.2d 990, 149 A.L.R. 866, Annotations same volume, p. 879.

We will not indudge in a prolonged discussion of the academic. The agreement having validity must be enforced irrespective of the reasons sustaining it.

We will state, however, that we prefer the view that Lemon Adams made gifts in praesenti to Ruth Jones of all deposits made by him subject to the terms of the agreement.

■■ As to the court's action in refusing to order administration upon the estate of Lemon Adams the court found:

"Since such bank account is the sole property of said Ruth Jones, it is not an asset of the estate of said Lemon Adams, deceased, and therefore there is no asset of the estate of said Lemon Adams, deceased, liable for the payment of his debts, expenses of last illness and funeral expenses and the statutory allowances to which his widow is entitled; and since there is no asset or property of said Lemon Adams subject to administration, there exists no necessity for an administration upon his estate."

There is no statement of facts and the above finding must be accepted by us at face value. It refutes the necessity for administration upon this estate.

The judgment of the trial court is affirmed.

Affirmed.