Ola Mae HENDRICKS, Administratrix of the Estate of O. H. Lundy, Deceased, Plaintiff in Error,

v.

Ida May LUNDY, Administratrix of the Estate of Walter James Lundy, deceased, Defendant in Error.

No. 38861.

Supreme Court of Oklahoma.

Oct. 4, 1960.

 

Lansden & Drum, Beaver, for defendant in error.

JOHNSON, Justice.

The alleged and admitted basic facts of this case are that O. H. Lundy and Walter James Lundy, his brother, executed a signature card of and for the First State Bank of Corpus Christi, Texas, which in part provided:

"The undersigned joint depositors hereby agree each with the other and with the above bank that all sums now on deposit heretofore or hereafter deposited by either or both of said joint depositors with said bank to their credit as such joint depositors with said bank with all accumulations thereon, are and shall be owned by them jointly, with right of survivorship * * *."

That thereafter, and until O. H. Lundy's death, all deposits to and withdrawals from the account were made by O. H. Lundy only. The bank account was the sole asset of his estate, and at the time of his death it was credited with the sum of $4,244.13; that after O. H. Lundy's death, Walter James Lundy withdrew the entire balance remaining in the account by transferring the same to his personal account at the First State Bank at Forgan, Oklahoma, claiming to be the owner thereof. Shortly thereafter he died, and his widow, Ida May Lundy, was appointed and qualified as the personal representative of his estate. Ola Mae Hendricks, the duly appointed and qualified representative of the estate of O. H. Lundy, presented a claim to Ida May Lundy, administratrix of the Walter James Lundy estate, for a refund of the funds withdrawn (by Walter James Lundy) from the Corpus Christi bank. The claim was rejected. Thereupon, Ola Mae Hendricks, administratrix of the O. H. Lundy estate, as plaintiff, commenced this action in the District Court of Beaver County, Oklahoma, against Ida May Lundy, administratrix of the estate of Walter James Lundy, as defendant, for the recovery of the funds so transferred from the Corpus Christi

Miles & Miles, Beaver, Houts & Houts, Alva, for plaintiff in error.

Bank to the First State Bank of Forgan, Oklahoma, as the alleged property of O. H. Lundy, deceased.

The issue of the ownership of the money involved was duly submitted to the trial court without a jury and resulted in a judgment for the defendant.

Plaintiff's motion for a new trial was overruled. From the judgment and order overruling her motion for a new trial, the plaintiff appeals.

The plaintiff presents two specifications of error. First, "(T)hat the Court erred in not rendering judgment for the plaintiff in error on the pleadings." Second, "(T)hat the judgment rendered by the trial court is not sustained by the evidence and is contrary to law."

The plaintiff alleged ownership of the funds deposited (as aforesaid) in the Texas bank. The defendant denied such ownership and claimed ownership of the funds as the representative of the estate of Walter James Lundy, by reason of the aforementioned joint depositor and joint ownership agreement, with right of survivorship. Thus the plaintiff's first contention of error that the trial court erred in not rendering judgment in favor of the plaintiff on the pleadings is without merit.

As to the second specification of error, the parties all agree that the funds involved herein were deposited in the First State Bank of Corpus Christi, Texas, and that the creation of the joint account was in the nature of a contract entered into in Texas, and governed by the laws of Texas.

In this connection plaintiff argues "(T)hat the ownership of funds deposited in a joint account in (a) Texas depository depends upon the intention of the parties (to be) determined in the light of all circumstances, in accordance with the laws of the State of Texas," and cite and rely principally·upon Section 46 of the Probate Code of Texas, V.A.T.S., wherein joint tenancies were abolished, and on the case of Olive et al. v. Olive, Tex.Civ.App., 231 S.W.2d 480.

The Olive v. Olive case, supra, was a suit to recover a sum of money by James Wiggins Olive, executor of the estate of Eunice Olive, deceased, against John D. Olive, Sr. The District Court, Dallas County, Texas, entered judgment for the plaintiff, and the defendant appealed. The Court of Civil Appeals held that where the aunt intended to retain a beneficial interest in her funds which were in a joint deposit with her nephew, there was no completed gift to the nephew, and on aunt's death the title to the funds passed to aunt's estate, notwithstanding that aunt intended that on her death the nephew should become the sole owner of the account and that during aunt's lifetime the nephew had the legal right to withdraw funds and had done so for the convenience of his aunt.

The facts of the Olive v. Olive case, supra, do not agree with the facts in the case at bar. The argument of the plaintiff that the Olive case is controlling herein is not tenable under the subsequent holdings of the Texas courts. See Adams v. Jones, Tex.Civ.App., 258 S.W.2d 401, and Johnson v. Johnson, Tex.Civ.App., 306 S.W.2d 780, 781. No better statement of the principles of Texas law governing the disposition of the factual and legal questions involved in this action could be formulated than are to be found in these last mentioned Texas cases, and for that reason we quote extensively, first from the Adams v. Jones case, supra, wherein the Texas Court said:

"The second suit involved a joint bank account of $1,110.92 standing in the names of deceased, Lemon Adams, 'or' his niece, appellee Ruth Jones. The trial court held this account to be the property of Ruth Jones. We will dispose of this feature of the appeal first.

"Appellant and Lemon Adams consummated a common law marriage about January 4, 1949.

"In 1942 Lemon Adams opened an account in the First National Bank of Schulenberg, Texas, in his own name.

"In 1945 this account was changed to a joint account and the following in-

strument was executed by Lemon Adams and his niece Ruth Jones:

'Joint Account—Payable To Either Or Survivor

" 'We agree and declare that all funds now, or hereafter, deposited in this account are, and shall be our joint property and owned by us as joint tenants with right of survivorship, and not as tenants in common; and upon the death of either of us any balance in said account shall become the absolute property of the survivor. The entire account or any part thereof may be withdrawn by, or upon the order of, either of us or the survivor.

" 'It is especially agreed that withdrawals of funds by the survivor shall be binding upon us and upon our heirs, next of kin, legatees, assigns and personal representatives.

" '(Signed) Lemon Adams
" (Signed) Ruth Jones'

"Ruth Jones never at any time made a deposit to such account or withdrew any money therefrom, all such deposits and withdrawals being made solely by Lemon Adams.

"All of the monies deposited to such account were the separate funds of Lemon Adams.

"This case turns upon the validity of the joint account agreement.

"Appellee contends that the following cases are conclusive in her behalf: Chandler v. Kountze, Tex.Civ.App., 130 S.W.2d 327 (Gal. Writ ref.); Pruett v. First National Bank of Temple, Tex.Civ.App., 175 S.W.2d 658 (Austin); and Shroff v. Deaton, Tex. Civ.App., 220 S.W.2d 489 (Texarkana).

"In Chandler v. Kountze it was held that notwithstanding the provisions of Art. 2580, V.A.C.S., abolishing the common law doctrine of survivorship in the event of the death of a joint owner before severance that (130 S.W.2d 329):

" '* * * there is nothing in the subject matter of the act which would, in our opinion, justify the presumption that the legislature intended to thereby prevent the parties to a contract, a will, or a deed of conveyance, from providing among themselves that the property in question should pass to and vest in the survivor as at common law.'

"In Pruett v. Bank this Court held that the Bank was not liable for paying to the order of the survivor of a joint account a deposit created under terms similar to those involved here, the Bank having no prior notice of adverse claims. Art. 541d, V.A.C.S., repealed in 1943, p. 164, Acts Reg.Sess. 48th Leg., but in force when the deposit was made was cited by the court as requiring release of the Bank from liability. This statute expressly provided for the protection of the Bank in making payments under the circumstances stated.

"Shroff v. Deaton followed the decision in Chandler v. Kountze under a similar state of facts but in addition based its decision on an unchallenged fact finding of a gift from the deceased joint tenant to the survivor of the joint account.

"Appellant cites and discusses only one Texas authority in addition to those mentioned above as bearing upon the question presented which is Olive v. Olive, Tex.Civ.App., 231 S.W.2d 480, 481 (Dallas). In this case the joint account agreement read:

" 'The persons named above hereby open a checking account in First National Bank in Dallas on the terms and conditions stated on the deposit slip or pass book evidencing the deposit made into such account on this day or on the date nearest to the signing hereof, and by the signatures which appear below such persons hereby agree to such terms and conditions. In addition, First National Bank in Dallas is hereby authorized to pay to either of the undersigned, or to the survivor of

them any funds now on deposit in such account, as well as any additions hereafter made thereto by either of the undersigned.'

"The terms and conditions of the deposit slips and pass books referred to in such agreement are now shown in the court's opinion. With reference to such agreement the court held that 'neither does the form and content of this joint deposit card conclusively establish ownership of the account' in the survivor.

"The court in its opinion did not cite Chandler v. Kountze and there was no occasion for it to do so because the agreement before it did not purport to fix ownership of the deposit in the survivor. It only authorized the bank to pay the deposit to the survivor.

"The agreement before us does not merely authorize the bank to pay the deposit to the survivor but by plain language of easy understanding it absolutely constitutes the survivor the sole owner of the fund.

"We consider the validity of this agreement to be sustained and the question foreclosed, insofar as this Court is concerned, by the decision in Chandler v. Kountze and the action of the Supreme Court in refusing a writ of error to review such opinion.

"The grounds upon which courts have sustained such agreements have varied. Some courts have relied upon the law of gifts, others upon the law of contracts and trusts. See 7 Am.Jur., Secs. 426–436, 9 C.J.S., Banks and Banking § 286, p. 595, and the very able opinion in Beach v. Holland, 172 Or. 396, 142 P.2d 990, 149 A.L.R. 866, Annotations same volume, p. 879.

"We will not indulge in a prolonged discussion of the academic. The agreement having validity must be enforced irrespective of the reasons sustaining it.

"We will state, however, that we prefer the view that Lemon Adams made

gifts in praesenti to Ruth Jones of all deposits made by him subject to the terms of the agreement."

And second, in the Johnson v. Johnson case, supra, the factual statement in the case was that:

"In 1946, Lula Lavenia Johnson and her son, Bruce Johnson, created a joint bank account and in connection therewith executed the following instrument:

"'Joint Account—Payable to either or survivor. We agree and declare that all funds now, or hereafter, deposited in this account are, and shall be our joint property and owned by us as joint tenants with the right of survivorship, and not as tenants in common; and upon the death of either of us any balance in said account shall become the absolute property of the survivor. The entire account or any part thereof may be withdrawn by, or upon the order of, either of us or the survivor.

"'It is especially agreed that withdrawals of funds by the survivor shall be binding upon us and upon our heirs, next of kin, legatees, assigns and personal representatives. Signed, Mrs. A. E. Johnson; Bruce Johnson.'

"Lula Lavenia Johnson died on November 2, 1954. Shortly thereafter the Perryton National Bank in which such joint account had been deposited paid the $12,735.57 then on deposit in the joint account of Lula Lavenia Johnson and Bruce Johnson to the latter."

The court in disposing of the case said:

"Under the authority of the case of Adams v. Jones supra we hold the instrument creating the joint bank account in the Perryton National Bank created a present contractual right whereby either of the signatories to the instrument could withdraw any or all of the funds deposited at any time after the creation of the account and the right of the survivor of them to withdraw such funds at the death of either

was created in praesenti and upon the death of Lula Lavenia Johnson, Bruce Johnson had the legal right to withdraw such funds as remained in the joint account as his own property. This holding is supported by the other following authorities: Shroff v. Deaton, Tex.Civ.App., 220 S.W.2d 489; Chandler v. Kountze, Tex.Civ.App., 130 S.W.2d 327 (writ refused); and Pruett v. First National Bank of Temple, Tex.Civ.App., 175 S.W.2d 658.

"Appellants place much reliance on the case of Olive v. Olive, Tex.Civ. App., 231 S.W.2d 480, for their contention on the assignment under discussion. The instrument creating the joint checking account in the Olive case easily distinguishes it from the instant case, as do the other facts therein which we deem unnecessary to relate. In the Olive case the court held that the form and content of the joint deposit card did not conclusively establish ownership of the account in the survivor. In that respect we agree with the statement of Judge Hughes in Adams v. Jones supra (258 S.W.2d 403) wherein he said: 'The court in its opinion (speaking of the Olive case) did not cite Chandler v. Kountze and there was no occasion for it to do so because the agreement before it did not purport to fix ownership of the deposit in the survivor. * * *' Appellant's Assignment No. 1 is overruled."

Under the above Texas authorities and the terms of the hereinbefore quoted Joint Account Agreement, we hold that said instrument creating the joint bank account in the First State Bank of Corpus Christi, Texas, created a present contractual right whereby either of the signatories to the instrument could withdraw any or all of the funds deposited at any time after the creation of the account, and the right of the survivor of them to withdraw such funds at the death of either was created in praesenti, and upon the death of O. H. Lundy, Walter James Lundy had the legal right as owner to withdraw such funds as remained in the joint account, notwithstanding the fact that all deposits and withdrawals were made solely by decedent and from decedent's separate funds. Adams v. Jones, supra, and Johnson v. Johnson, supra.

And by so holding the judgment must be, and is, affirmed.