

# The Attorney General

## of Texas

Austin 11, Texas

**WILL WILSON**
**ATTORNEY GENERAL**

March 13, 1961

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-1013

Re: Distribution for inheritance
tax purposes of decedent's
one-half community interest
in savings accounts held by
the decedent and his surviv-
ing spouse as joint tenants
with right of survivorship.

Dear Mr. Calvert:

We quote the following excerpt from your letter requesting the opinion of this office on the above captioned matter.

"Preston G. Northrup died testate,
a resident of Bexar County, Texas, on
April 12, 1958. Among the assets of
the decedent's estate the following
described savings and loan accounts were
held with various savings institutions
and banks:

"ALAMO NATIONAL BANK, SAN ANTONIO, TEXAS
Savings Account No. 55142 in the names
of Preston G. Northrup and/or Gretchen
C. Northrup or survivor, in the amount
of $10,276.87 plus $87.35 interest
accrued to April 12, 1958 - $10,364.22
                    Community one-half      $ 5,182.11

"FARM AND HOME SAVINGS AND LOAN ASSOCIATION
Savings Account No. 7-9896 in the names of
Preston G. Northrup and Gretchen C. Northrup
or either or survivor, in the amount of
$113,394.32 plus $1,124.49 interest accrued
to April 12, 1958 - $114,518.81
                    Community one-half      $57,259.41

"KELLY FIELD NATIONAL BANK, SAN ANTONIO,
TEXAS
Savings Account No. 60 in the names of
Preston G. or Gretchen C. Northrup, in
the amount of $102,652.39 as of March 31,
1958, plus $72.17 interest accrued to
April 12, 1958 - $102,724.56
                    Community one-half      $51,362.28

"MAIN BANK & TRUST, SAN ANTONIO, TEXAS
Savings Account No. 12 in the names of
Preston G. Northrup or Gretchen C. Northrup
in the amount of $10,551.92 plus $89.69
interest accrued to April 12, 1958 -
$10,641.61
                    Community one-half          $ 5,320.81

"MAIN BANK & TRUST, SAN ANTONIO, TEXAS
Savings Account No. 462 in the names of
Preston G. Northrup or Gretchen C. Northrup
in the amount of $52,261.14 plus $444.22
interest accrued to April 12, 1958 -
$52,705.36
                    Community one-half          $26,352.68

"SAN ANTONIO SAVINGS AND LOAN ASSOCIATION
SAN ANTONIO, TEXAS
Account No. 1-37137 in the names of Preston
G. Northrup and Mrs. Gretchen C. Northrup
in the amount of $55,353.88 plus $548.91
interest accrued to April 12, 1958 -
$55,902.79
                    Community one-half          $27,951.40

"The total community value of these
accounts is $346,857.35 and the one-half
community interest of the deceased is
$173,428.67.

"Under the provisions of the last will
and testament of the deceased, the decedent's
one-half community interest in these accounts
passes 80 per cent to Trinity University of
San Antonio and 20 per cent to The Sunshine
Cottage School for Deaf Children, San Antonio,
Texas.

"We are now in the process of distributing
this estate for inheritance tax purposes and
we would thank you to advise this department
whether we should distribute the decedent's
one-half community interest in these savings
accounts under the last will and testament
of the deceased or to the surviving spouse
of the deceased as joint tenants with rights
of survivorship."

The Texas Supreme Court recently passed upon the question
of whether corporate stock purchased with community funds and
issued in the names of the husband and wife "as joint tenants

with right of survivorship and not as tenants in common" constitutes community property or belongs to the wife as her separate estate upon her husband's death. Hilley v. Hilley, 4 Tex. Sup. Ct. Jour. 213, January 25, 1961, Motion for Rehearing overruled, February 1, 1961. We regard this case as decisive of the question you have presented. We quote the following excerpt from page 214 of the court's opinion:

"Article 2580, Tex. Rev. Civ. Stat. 1925, provided that where two or more persons held an estate jointly the interest of one who died before severance would vest in his heirs or legal representatives and not survive to the other joint owners. It was held in Chandler v. Kountze, Tex. Civ. App., 130 S.W.2d 327 (wr. ref.), that while the relationship of joint tenancy, including the doctrine of survivorship, was thereby abolished in situations where the same would otherwise have been created by law, the statute did not prevent the grantees in a deed from making an effective agreement among themselves that the property conveyed should pass to and vest in the survivor as at common law. A written survivorship contract covering a joint back account was also upheld in Adams v. Jones, Tex. Civ. App., 258 S.W.2d 401 (no writ). When Article 2580 was carried into and became Section 46 of the Probate Code, the language of the earlier statute was preserved with the express proviso that 'by an agreement in writing of joint owners of property, the interest of any joint owner who dies may be made to survive to the surviving joint owner or joint owners, but no such agreement shall be inferred from the mere fact that the property is held in joint ownership.' We assume for the purpose of this opinion that in view of the instructions given to the broker by the husband in the wife's presence, the issuance and acceptance of the stock certificates in their names as joint tenants with right of survivorship constitutes a written agreement within the meaning of the statute."

We assume for the purpose of this opinion that the joint savings and loan accounts in question were held under a written survivorship agreement within the meaning of Section 46 of the Probate Code.

The Hilley case held that in amending Article 2580 (Section 46 of the Probate Code), the Legislature did not intend to modify other statutes and provide that separate ownership might result from a transaction which does not meet the requirements of Articles 4613, 4614, 4619, 4624a and 881a-23, Vernon's Annotated Texas Civil Statutes.[1] "Under the Constitution," said the court, "property which. . . /the wife/ acquires during marriage in any manner other than by gift, devise, descent, purchase with separate funds, or partition as authorized by Articles 4624a and 881a-23, does not and cannot be made to constitute her separate property." Since the stock did not become the wife's separate property at the husband's death, and since the husband died intestate, his community interest in the stock passed and vested in accordance with the laws of descent and distribution.

In the case you have submitted for our consideration, the decedent died testate. Since the decedent's community interest in the savings and loan accounts did not become his wife's separate property at his death, his community interest

---

[1] Articles 4613 and 4614 define respectively the separate property of husband and wife. Article 4614 also provides that the wife, if she is at least twenty-one years of age and elects in the manner set out in the statute, shall have the sole management, control and disposition of her separate property and in connection therewith may contract without the joinder of her husband. If the wife has thus acquired power to contract with the husband regarding her separate property, the court in the Hilley case states that there would be no legal reason for saying that they could not make an effective survivorship agreement covering the property separately owned by either or both. Under such circumstances, the survivorship right or interest acquired by each at the time of making the contract would be by gift or purchase, for a consideration paid out of separate property. Article 4619 provides that all property acquired by either the husband or wife during marriage, except that which is the separate property of either shall be deemed community. Article 4624a provides for a method for partitioning the community property pursuant to the provisions of Article XVI, Section 15 of the Texas Constitution. Article 881a-23 provides that shares or share accounts issued by any building and loan association organized under the laws of this State, or by any Federal savings and loan association domiciled in this State, in the name of two or more persons, or to two or more persons or the survivor of either, may be withdrawn on the signature of either party to whom shares or share accounts were issued, and no recovery shall be had against such association for amounts so paid.

necessarily passed under the terms of his will; and the inheritance taxes should be computed accordingly.

The holding of this opinion is expressly limited, as is the decision in the Hilley case, to cases involving community property and survivorship agreements between husband and wife.  If separate funds are involved, a written survivorship contract covering joint savings and loan accounts would be upheld if the requisites of Section 46 of the Probate Code are satisified; and the property would pass upon the death of a joint tenant to the surviving joint owner or owners.

## S U M M A R Y

The decedent's one-half community interest in savings and loan accounts held by the decedent and his surviving spouse as joint tenants with right of survivorship did not become the separate property of the wife at decedent's death but passed under the terms of decedent's will.  Inheritance taxes should be computed accordingly.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Marietta McGregor Payne
Marietta McGregor Payne
Assistant

MMP:cm

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Edward A. Cazares
John C. Phillips
John Leonarz
Dudley McCalla

REVIEWED FOR THE ATTORNEY GENERAL
By:  Morgan Nesbitt