## Towles v. Towles.

(Decided June 8, 1917.)

### Appeal from Scott Circuit Court.

1. **Divorce—Appeal and Error.**—A judgment in a divorce case giving the custody of two infant sons to parents jointly, the mother to have them one month and the father the next, will be reversed, because such an arrangement does not provide a fixed home for the children; and to keep them on the move is greatly to their detriment.
2. **Divorce—Custody of Children.**—Courts in equity will always carefully guard the interest of infant children, and will place their custody in divorce cases, with the parent best situated to provide them with the best surroundings.

3. Divorce—Alimony—Proceeds of Insurance Policy—Liens.—Where the husband is the beneficiary of a policy of life insurance, and after marriage the wife, at his instance, is made the beneficiary, and the money on the policy is collected and invested in lands, the title to which is taken in the wife, the husband having paid the premiums on the policy, in divorce proceedings the land should be adjudged to the husband, and alimony allowed the wife and adjudged a lien upon the lands.

BOTTS & PERRY for appellant.

BRADLEY & BRADLEY for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

The parties to this appeal were married in 1894, and in March, 1915, the appellant, Mrs. Nora D. Towles, instituted this action for divorce and the custody of their two children, costs and attorney fees. Later on she filed an amended petition, asking for alimony in the sum of one thousand dollars, per year, and a lien upon certain lands to secure the payment of said sum. The appellee, Oscar C. Towles, resisted the divorce and claim for alimony. In his answer he traverses the grounds alleged in the petition for divorce, and in a cross-petition alleged that the appellant had behaved towards him in such cruel and inhuman manner as to show a settled aversion to him and to permanently destroy his peace and happiness, and drove him away from their home, and refused to allow him to stay in the same house with her.

It was also alleged in the answer that the appellee, Oscar C. Towles, had caused a policy of life insurance to be issued upon the life of his father for the sum of three thousand dollars, made payable to appellant, Nora D. Towles, as beneficiary because of their marriage relation, but that he paid the premiums upon the policy and kept it in force, and that after the death of the father of appellee, the insurance money was paid to appellant, and that fifteen hundred dollars of this money was invested by him in a tract of land containing sixty-seven and a half acres, in Scott county, the title to which was taken to appellant. The farm cost about forty-four hundred dollars and notes were executed for the balance. Appellee thereafter cultivated and farmed the lands and paid the remainder of the purchase price, and at the same time improved the lands so that it increased greatly in value.

The prayer to the answer asks divorce to appellant and that the lands, the title of which had been taken in the name of the wife, be adjudged the property of the defendant, Oscar C. Towles, and that the personal property be adjudged to him, and that he have certain other relief.

Issue was joined and evidence taken. Much of the testimony relates to the payment of the premiums on the policy of insurance, each of the parties claiming to have provided the means with which to pay the premiums on the policy and to have kept the same in force. The weight of the evidence is to the effect that appellee took out the policy and paid the premiums. It is admitted that the bulk of the estate came from the money derived from the policy of insurance. The farm located in Scott county is the most valuable part of the property. It appears that the first payment on this land was made with money from the insurance. It is quite evident that the policy of insurance which was carried by Oscar C. Towles for several years in his own name as beneficiary, but which was later transferred to the appellant, was in truth and fact a policy in favor of Oscar C. Towles, and that the transferring to his wife was made for some ulterior motive. Just what is not made clear by the evidence. Appellee says he had it changed to her because she was his wife. Since the appellee was in truth and fact the real beneficiary of the policy of insurance, it follows that the money derived from such policy and paid into the lands, was the money of Oscar C. Towles, and, therefore, the lands purchased with the insurance money and to which title was taken in the name of Nora D. Towles, was held by her in trust for the use and benefit of her husband, he having the equitable title and she the legal title, and upon divorce the husband was entitled to have the legal title vested in him.

It, therefore, follows that the lower court erred to the prejudice of appellee, in holding the lands in controversy to be the property of Nora D. Towles. The chancellor should have adjudged the lands to Oscar C. Towles, subject to the mortgage, and then have allowed the appellant two thousand dollars alimony in gross, and adjudged this sum a lien upon the tract of land. Her counsel should also have been allowed a fee of not exceeding one hundred dollars and the cost should have been adjudged against the husband.

Divorce was granted the wife, and no complaint is made of this. .

With reference to that part of the judgment which awards the custody of the two children, J. B. Towles and Clarence Lebus Towles, jointly to the father and mother, one to have the custody one month and the other the next month, it is only necessary to say that such an arrangement would be greatly to the detriment of the children, because it would give them no fixed or permanent home, but rather keep them unsettled and on the move. Nothing can be more demoralizing to a home or destructive to good citizenship than to have children of the age of these boys going from one home to another each month. The lower court should have awarded the custody of the two boys to the mother, and allowed her fifty dollars per year for the maintenance and education of the younger boy, to be paid by the father until the boy arrives at the age of eighteen years. No provision need be made for the older son.

The father, Oscar C. Towles, will be permitted to visit and have the companionship of his two sons at such reasonable times and places as may be fixed by the chancellor.

The judgment is, therefore, reversed, with directions to the chancellor to enter a judgment in conformity with this opinion, reserving to that court the right to modify or change the custody of the said children, or the allowance for the maintenance of the younger son at any time upon proper showing.