RADICKE v. RADICKE. (No. 6102.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 27, 1918.)

1. HABEAS CORPUS &#x25c9;&#x2015;&#x27a1;99(3) — CUSTODY OF CHILD.

In a controversy between the mother and the paternal grandfather of the child on habeas corpus proceedings, the court will award custody for the best interest of the child, even though the mother is not an immoral person and has not transferred custody by an instrument in writing.

2. HABEAS CORPUS &#x25c9;&#x2015;&#x27a1;99(3) — CUSTODY OF CHILD.

Whether it is to the interest of a minor child that its custody should be given to the mother or paternal grandfather is a question of fact in the first instance for the trial court.

3. HABEAS CORPUS &#x25c9;&#x2015;&#x27a1;85(1) — CUSTODY OF CHILD—EVIDENCE.

Evidence *held* to show that it was to the best interest of a minor child that its custody should be given to the paternal grandfather instead of the mother.

Appeal from District Court, Karnes County; Covey C. Thomas, Judge.

Petition by Josie Radicke for habeas corpus against Gustav Radicke. From a decree denying her possession of her child, petitioner appeals. Affirmed.

J. F. Murray, of Runge, for appellant.

Williamson & Klingemann, of Karnes City, for appellee.

SWEARINGEN, J. Josie Radicke brought this action by writ of habeas corpus to recover possession of her minor child. The case was tried before the court without a jury. By the decree the care and custody of the child was awarded to appellee, who is the child's paternal grandfather.

Appellant assigns as error that the judgment is contrary to law and not supported by the evidence, in this, that the overwhelming weight of the evidence shows that the appellant never, by writing or otherwise, transferred or agreed to deliver the custody of her minor child to appellee, which assignment is submitted as one proposition. The other proposition made under this assignment is that, conceding that appellant did agree to relinquish the care and custody of the child and did agree to give it to appellee, nevertheless appellant should prevail because of the absence of evidence that she is an improper or unworthy person to rear and control her child.

[1, 2] In our opinion, to support the judgment it is not necessary for the evidence to show a transfer of the child in writing or otherwise, nor is it necessary that there be evidence that the appellant is an immoral person. The sole and only consideration, as stated by Chief Justice Fly, is:

"The child 'is entitled to that home and environment which will probably best promote the interest of the infant.'" Schneider v. Schwabe, 143 S. W. 265; also, Legate v. Legate, 87 Tex. 248, 28 S. W. 281; Peese v. Gellerman, 51 Tex. Civ. App. 39, 110 S. W. 196.

"Matters of this character are questions of fact to be determined, in the first instance, by the trial court." Schneider v. Schwabe, 143 S. W. 266.

[3] In the case at bar the trial court determined the. question of fact to be that it was to the best interest of the child to remain in the custody of the grandparent. If there is evidence to support this conclusion, this appellate court will feel constrained to abide that decision.

In the present suit, it is admitted that the child is now in the care and custody of the appellee, the grandfather; that appellant acquiesced in this situation at first and for some time thereafter. The evidence concerning the relative advantages of the two homes

---

offered for the child is that the appellee, the grandfather, is able and willing to give the child all the necessities of life, nourishment, clothing, and an education. The paternal grandfather and mother have no young children in their home save this child, but have an abundance of property available for maintenance of the home. They are rearing the child with love and affection, giving it permission to visit and be visited by its mother. On the other hand, the undisputed testimony of the mother is that she is without any means to even feed the child; that she, herself, with four other minor children, are living in the home and subsisting upon the bounty of Mr. Milam Brown, her father, who has a family of eight children of his own in addition to the appellant and her four minor children to support out of his wages supplemented by a very meager income. There is evidence that Mr. Milam Brown is cheerfully willing to share his humble home and last dollar with appellant and her little ones, but that Mrs. Brown said the children would be sent to an orphans' home.

This evidence and other testimony relative to the environments of the two homes offered the child will support the judgment of the trial court that the child's best interest will be subserved by leaving it in the home, care, and custody of appellee. We will not disturb the finding of this fact, supported by this evidence. Dallas v. Emerson, 36 S. W. 304; Sparks v. Hall, 29 Tex. Civ. App. 177, 67 S. W. 916.

The assignment is overruled, and the judgment is affirmed.