**McADAMS v. SYKES et al.   (No. 8620.)**

(Court of Civil Appeals of Texas.   Galveston.
Feb. 11, 1925.)

**I. Adoption ⬡➫20—Petition for return of adopted child withheld by its brother held sufficient.**

Petition for return of adopted child, which had been wrongfully taken away and detained by its brother, *held* good as against general demurrer.

**2. Adoption ⬡➫20—Finding, that adopted parents were proper persons for care of child sustained.**

In suit to secure return of adopted child, detained by its brother, evidence *held* to sustain finding that adopted parents were proper persons for care and custody of child.

**3. Adoption ⬡➫20—Finding that brother of child, detaining it from adopted parents, was not fit for its care and custody sustained.**

In suit to secure return of adopted child, evidence *held* to sustain finding that brother of child, having taken and detained it from adopted parents, was not fit for its care and custody.

**4. Parent and child ⬡➫2(4)—Best interest of child in determining its custody within sound discretion of court.**

Determination of custody of child, its best interest being the essential, is within sound discretion of trial court.

Appeal from District Court, Walker County; Carl T. Harper, Judge.

Suit by George Sykes and another against Calvin McAdams. Judgment for plaintiffs, and defendant appeals. Affirmed.

Dean & Humphrey, of Huntsville, for appellant.

Gates & Briggs, of Huntsville, for appellees.

LANE, J. This is a suit brought by George and Sarah Sykes, husband and wife, against Calvin McAdams. Their prayer was to have one Sam Taylor, a child of about 11 years of age, who they alleged was unlawfully taken from them by Calvin McAdams, and by him illegally withheld from them, brought before the court so that said child may be discharged from such illegal custody and be restored to them.

The allegations of the petition of the plaintiffs, signed and sworn to by M. E. Gates, their attorney, are substantially as follows: That one Julia Taylor gave to plaintiffs the child, Sam Taylor, about two years prior to the presentation and filing of their petition; that at the time said child was given to them he was 9 years of age; that they took said child into their care and custody, sent him to school, and provided and cared for him just as though he was their child by blood; that on the 15th day of September, 1923,

plaintiffs legally adopted said child; that defendant, Calvin McAdams, had taken said child from their care and custody without their consent, and was withholding him from them; that plaintiffs are the owners of 125 acres of land and other property, and are well able to take care of said child, and that Calvin McAdams has no property whatever.

The defendant answered by general demurrer, general denial, and specially alleged that the mother and father of the child were dead, and that he is his brother; that Julia Taylor, the mother of said child, died on or about the 25th day of August, 1923, and left surviving her said Sam Taylor and two other small children; that because of his relationship to said children he took them to care for them and keep them together after the death of their mother; that he is doing the best he can do to properly train and care for them; that he is a hard-working man and is capable of taking care of the children; that plaintiffs have no legal right to the custody of the child, Sam Taylor.

The court overruled the general demurrer of defendant, and upon a trial before the court judgment was rendered awarding the care and custody of the child to George and Sarah Sykes, and in such judgment directed that the defendant, McAdams, and the minor brothers and sisters of said child should be allowed to visit him at all reasonable times.

Defendant, McAdams, has appealed, and for cause of reversal of the judgment presents: First, that the court erred in overruling his general demurrer to the plaintiffs' petition; second, that the court erred in finding that George and Sarah Sykes are suitable persons to rear and educate the child, Sam Taylor; and third, that the court erred in not awarding the care and custody of the child to him, in that he is the brother of said child whose parents were both dead; that he is able and anxious to take care of said child and to keep him with his brother and sister, whom he also has in his care and custody.

[1] We overrule the first contention. We think the petition is good as against general demurrer.

[2, 3] We are not prepared to say that the trial court erred in its finding that George and Sarah Sykes were suitable persons to rear and educate the child, Sam Taylor.

At the request of appellant the court filed the following findings of fact and conclusion of law:

"I find the fact to be that Sam Taylor is a minor about 10 years of age, and that he was, at the time of his trial, in the possession, care, and custody of Calvin McAdams, in Walker county, Tex.; that the parents of said Sam Taylor are dead; that said Sam Taylor is a brother of Calvin McAdams, and that said Calvin McAdams has in his control and custody two of the other minor children being a brother

and sister of said Sam Taylor and younger than the said Sam Taylor.

"I find that said Calvin McAdams is a married man, and is jointly occupying a house with another family at the time of this trial, and has personal property consisting of a pony and 10 bushels of corn, and that he has made a contract to farm on the halves with Jesse Bailey for the year 1924, and that said Calvin McAdams does not own any real estate.

"I find that the said Sam Taylor was, by his mother, about 22 months ago placed in the care and custody of the plaintiff, George Sykes and his wife, Sarah Sykes, who have provided said Sam Taylor with clothing and food, and have given him the benefit of the free school for said period of time, and that during all of this time no relative of the said Sam Taylor visited him or contributed toward his support and maintenance; that about September 15, 1923, the said George Sykes legally adopted the said Sam Taylor.

"I find that the mother of the said Sam Taylor died in Walker county, Tex., in the summer of 1923, and thereafter about the 1st of September, 1923, the defendant, Calvin McAdams, without the consent of George and Sarah Sykes and of the said Sam Taylor, took possession of the said Sam Taylor.

"I find that George Sykes has no children of his own, and that he has real estate situated in Walker county, Tex., comprising the 125 acres of land upon which he resides, and that about 75 acres of land is in cultivation; that he has 15 head of cattle and 4 head of mules and other property of a personal nature, and that all of said property is free from debts.

"I find that George Sykes and Sarah Sykes are suitable persons and well qualified financially to rear and educate the said Sam Taylor, and that it is to the best interest of said Sam Taylor for his welfare to award the care and custody of said Sam Taylor to said George Sykes and Sarah Sykes, and I further find as a fact that said Calvin McAdams is not a proper person to whom the care and custody of said minor should be awarded.

"Conclusions of Law.

"I conclude, as a matter of law, that the care and custody of said Sam Taylor should be awarded to the said George and Sarah Sykes, and I have therefore awarded his care and custody to them."

The only facts found by the court which are attacked by appellant are that George and Sarah Sykes "are suitable persons and well qualified financially to rear and educate the said Sam Taylor," and that Calvin McAdams was not a suitable person to have the custody and care of said child.

The undisputed evidence shows that George Sykes is a man of 43 years of age; that after he married Sarah, he and Sarah purchased and paid for 125 acres of land which they made their home; that they improved it by erecting thereon a comfortable dwelling house, inclosed it, and put 75 acres of it in cultivation, and now own the same unincumbered; that they own about 15 head of cattle, 4 good mules, and a new automobile, and owe no debts; that they have no child of their own; that Sarah had one child, a daughter, who was born to her out of wedlock before she married George, who was 8 years of age at the time she married George; that she gave this daughter to some one; that this daughter is now 23 years of age and married; that George had legally adopted the child, Sam Taylor, as his heir; that he and Sarah furnished the child with good clothing and good food, sent him to school, and treated him kindly; that George stood ready, and promised to treat said child, in the disposition of his property, as he would if he was his child by blood. It was shown that all the parties were negroes; that Calvin McAdams owned no home or any other property except one pony and 10 bushels of corn; that he had been divorced from his first wife, and had been married to his present wife only 7 months, and that he, his wife and two children were living in a house with another family.

Under the evidence, we think the trial court was justified in concluding and finding that George and Sarah Sykes were proper persons to have the care and custody of the child, and that Calvin McAdams, under all the circumstances, was not a proper person to have such care and custody.

[4] It is the best interest of the child that must be consulted, and the determination of this question was a matter addressed to the sound discretion of the trial court. Cecacci v. Martelli (Tex. Civ. App.) 235 S. W. 951; Faulk v. Faulk, 23 Tex. 653; Bemus v. Bemus, 63 Tex. Civ. App. 148, 133 S. W. 503; Radicke v. Radicke (Tex. Civ. App.) 206 S. W. 964; Legate v. Legate, 87 Tex. 248, 28 S. W. 281.

In the exercise of the discretion imposed upon him by law, the trial judge, upon ample evidence has decided that George and Sarah Sykes are proper parties to have the care and custody of the child, Sam Taylor, and we are not prepared to hold that he abused his discretion in making such decision, and in awarding the care and custody of the child to said parties.

The judgment is affirmed.

Affirmed.