ELMA P. BENNETT, Appellee, v. EDWARD P. BENNETT, Appellant.

**DIVORCE:  Custody of Children—Subsequent Modification of Orders.**
1   The fact that a parent who was given the right *to visit* her child at stated times has, since the entry of the order, become better circumstanced financially to provide for the child will not necessarily constitute such ''change of condition'' as to justify a change in the court order; and whether the court order should be changed, may be materially controlled by a consideration of the difficulties which the parties have experienced since the entry of the order, and which relate to the welfare of the child.

**DIVORCE:  Decree—Subsequent Entry of Omitted Provision.** An agree-
2   ment as to alimony inadvertently omitted from the decree may be subsequently entered, on proper application.

**Headnote 1:**  19 C. J. p. 351.  **Headnote 2:**  19 C. J. p. 247 (Anno.)

*Appeal from Cass District Court.*—JAMES S. DEWELL, Judge.

APRIL 7, 1925.

REHEARING DENIED SEPTEMBER 25, 1925.

ACTION to modify a decree of divorce with relation to the custody of a child. The court modified the decree, and defendant appeals.—*Affirmed in part; reversed in part.*

*Tinley, Mitchell, Ross & Mitchell,* for appellant.

*Swan, Clovis, Swan & Martin,* for appellee.

ALBERT, J.—I. Appellant and appellee were husband and wife until the 27th day of September, 1919, when a divorce decree was entered, on a cross-petition filed by the appellant in an original action brought by the appellee against the appellant. The decree specifically provided that the appellant herein should have the sole custody of their minor child, Edward Bennett, Junior. The merits of the controversy involved in that divorce proceeding are of little interest in the present hearing.

1. DIVORCE: custody of children: subsequent modification of orders.

While they were still in the marriage relation, they lived in Atlantic, Iowa, and the child in controversy was their only child. The appellant herein subsequently married another woman, and, as a result of that marriage, two children were born. The appellant and his second wife maintained their home for the rearing of these children, and later moved to Longmont, Colorado, where appellant was residing with his family at the time this application was made.

So far as the evidence is concerned, the appellant has a comfortable home at his present place of residence in a town of 7,000, affording good school facilities. The appellee, on the other hand, in January, 1921, married one Erickson, with whom she now resides in Greeley, Colorado. Her husband is a jeweler by occupation, earning a salary of $40 per week, and, under the record, has a comfortable home in that town, with the usual convenient school facilities.

There seems to have been occasional friction between the appellant and appellee over this boy of theirs; and sometimes he was permitted to visit his mother, and at other times she took him, without the consent of the appellant. It is equally true that, at times, when the boy was with his mother, the appellant took the boy from her. The contention of the appellant is that there was no such change of condition as would warrant a change in custody of this child, and therefore that the district court erred in modifying the former decree.

The district court is granted power to modify a decree of divorce giving custody of a minor child, when the circumstances existing at the time of the divorce have changed. Such power is conferred by Section 3180 of the Code of 1897, and the section has been discussed in *Crockett v. Crockett*, 132 Iowa 388; *Albertus v. Albertus*, 178 Iowa 1124; *Keyser v. Keyser*, 193 Iowa 16.

The primary thought underlying this statute and this theory of the law is that, at all times and under all circumstances, the best interest and welfare of the child are the dominant factor, and that, if the court is to exercise its discretion, it must consider all the facts in evidence in the case, and determine therefrom whether or not there is such a change of circumstances as contemplated by the statute.

Under the evidence in the case, there seems little choice between the accommodations afforded this child in either of these two homes: that is to say, so far as the welfare of the child is concerned, it would be properly cared for, nurtured, and brought up in either home. The original finding in the divorce case granted the husband the divorce on the ground of the misconduct of the appellee herein.

It is true that the appellee is now better circumstanced, so far as a home and worldly goods are concerned, to care for the child than she was at the time of the entry of the divorce decree. The original divorce decree did not give custody of the child to the husband on the ground that the wife was an unfit person to have such custody. It afforded her the opportunity of seeing the child at the home of the appellant four times each year, if she so desired. This part of the decree created the unsatisfactory condition which always follows an order of that kind; and

the district court was of the opinion that the decree should be so modified that the appellee herein should have the custody of the child from the 15th of June to the 15th of August of each year.

We are not unmindful of the traits of human nature and the love which the mother ordinarily bears to her child; and the district court that entered the original decree, of course, had this thought in mind when that decree was entered.

The duty of the parents in the rearing of children is a double duty: not only that of looking after the welfare of the child itself, and the keeping of harmony in the family relation, but also a duty owed to the government to so bring up and educate that child that he will become a good, useful, and law-abiding citizen. The burden of the parents in the carrying out of these duties, onerous as they may be, should not be interfered with by other parties.

Experience has shown that allowing the child to live a part of the time in one household and a part of the time in another, is not only not to the best interest and welfare of the child, but in many instances it is wholly destructive of discipline. It also shows that the party who has the child for the short time, in some instances, sows seeds of discontent, inculcates in the child a spirit of dissatisfaction and rebellion against authority, and devotes the whole time that the child is with that person in trying to wean the child away from the other party in whose custody it is placed by the decree; and that the situation is not for the best interest and welfare of the child, which, as said, should be the fundamental basis on which an order in such matters is founded.

We do not seek to penalize this appellee for her conduct which resulted in the granting of a divorce to her husband. Neither do we lose sight of the affection which she possibly bears for this child; but it does seem to us that the best interest and welfare of the child require that it be not taken away from the home and control of the appellant for two months out of each year. On the other hand, we feel that the mother should have the option of visiting the child under reasonable circumstances and conditions, and, if conditions have arisen, since the original decree, which make the arrangement under that decree

unsatisfactory, the lower court would be warranted in making an order changing the place, times, or conditions under which the mother might visit the child. We feel that the court went too far in the order that was made, giving the custody of this child to the mother for two months out of each year. There was not such a change of condition and circumstances as is required, under the statute, to warrant such an order. We are not to be understood as saying that in no case would we hold that an order similar to the one appealed from herein, would not be approved by this court. Each case must stand largely on its own facts; and this decision is based upon the difficulties and experiences which these parties have had with relation to the child since the original divorce decree was entered.

II. It appears that, at the time of the original divorce proceedings, an agreement was made between the parties as to alimony, and that the same was never incorporated in or made a part of the decree in that case; and appellee prays in this case that the decree be modified to the extent of incorporating that agreement into the decree. This contract was made a part of the supplemental decree herein, for the purpose of extending it on the record. In the doing of this, we feel that the court was warranted in what it did; and the action in relation thereto is approved by this court. As to that phase of the matter, the case is affirmed. As to the part of the order changing the custody of the child and giving it to the mother for two months out of the year, the action of the lower court is reversed.—*Affirmed in part; reversed in part.*

2. DIVORCE: decree: subsequent entry of omitted provision.

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.