## BYRD v. BYRD.
### No. 9570.

Court of Civil Appeals of Texas. Austin.
July 10, 1946.

Wm. C. McDonald, of San Angelo, for appellant.

E. E. Murphy, of San Angelo, for appellee.

BLAIR, Justice.

This appeal involves the custody of a girl child of divorced parents. The child was about 22 months old when its custody was divided between its divorced parents, as follows:

"And plaintiff, Charles Byrd, is hereby granted the custody of said child for the period of July 15, 1946, to August 15, 1946, and defendant, Faye Byrd, is hereby Ordered to deliver said child to Charles Byrd on July 15, 1946, and return said child to home of Faye Byrd on or before 4 weeks thereafter. It is further ordered that defendant, Faye Byrd, have, and she is hereby granted the custody of said child for the period of August 16, 1946, for the remainder of the year 1946, and thereafter plaintiff, Charles Byrd, shall have and he is hereby granted the custody of said child for a period of two weeks commencing March 1, of each year and for a period of four weeks commencing July 15th of each year, and defendant Faye Byrd, is given the custody of said child at all other times each year, plaintiff to return said child to home of defendant."

The decree further provided that each parent might see the child at reasonable times when it was in the custody of the other.

The sole point urged here is that it is not for the best interest of the child of tender years to so divide its custody between the divorced parents, and that the court erred in so decreeing or ordering. We are of the same view.

The rule controlling such cases is well stated in the case of Martin v. Martin, Tex. Civ.App., 132 S.W.2d 426, as follows:

"In our opinion, the original decree awarding the child part time to each of the parents was unwise.

"Certainly, no child could grow up normally when it is hawked about from one parent to the other with the embarrassing scene of changing homes at least twice each year. Such decrees are usually prompted by a laudable desire to avoid injuring the feelings of the parents, but the net result is a permanent injury to the child without any substantial benefit to the parents. In addition to the lack of stability in his surroundings, the child is constantly reminded that he is the center of a parental quarrel. It is readily apparent that such practices are calculated to arouse serious emotional conflicts in the mind of the child and are not conducive to good citizenship. Moreover, the parents are continuously pitted against each other in the unenviable contest of undermining the child's love for the other parent.

"Each parent is afraid to exercise any sort of discipline for fear of losing out in the contest. As a result, the child is reared without parental control. Such decrees by which the child is awarded part time to each of the parents have been condemned by numerous decisions."

To the same effect are the cases of Swift v. Swift, Tex.Civ.App., 37 S.W.2d 241; Bohls v. Bohls, Tex.Civ.App., 188 S.W.2d 1003.

Under our foregoing conclusions we reverse and set aside the quoted portion of the judgment dividing the custody of the child between appellant and appellee, and award the full custody of the child, Chester Charlene Byrd, to appellant, Faye Byrd, with the right of appellee, Charles Byrd, to see the child at all reasonable times.

Reversed and rendered as stated.