**IMMEL v. IMMEL et al.**

**No. 6064.**

Court of Civil Appeals of Texas. Amarillo.

June 12, 1950.

Rehearing Denied July 10, 1950.

Boyer, McConnell & Hankins, Perryton, Edw. C. Fisher, Canadian, for appellant.

Douglass & Maguire, Pampa, Roy Sansing, Higgins, for appellees.

STOKES, Justice.

This is a suit for divorce and custody of two small children, instituted by the appellant, Lyndel Immel, against her husband, Vernie L. Immel. The record shows the parties were married June 18, 1945, and were permanently separated from each other on August 19, 1949. Two children, both boys, were born to them, namely, Mickie Lee, four years of age, and David Leslie, two years of age. In addition to her prayer for a divorce, appellant prayed that she be awarded custody and control of their two children and that the defendant be required to pay to her $35 per month for the support of each of them until they reached the age of sixteen years respectively. The husband filed a waiver of service of citation and duly entered his appearance in the case but filed no answer or pleading of any kind. Joe D. Immel, father of Vernie L. Immel, filed a plea of intervention in which he prayed that the custody and control of the children be decreed to him and his wife, the mother of Vernie L. Immel, until such time as it may appear to the court that the parents are in position to afford them a proper and suitable home.

The case was submitted to the court, without the intervention of a jury, and resulted in a judgment granting appellant a divorce, from which no appeal was perfected. The judgment further provided, however, that the custody, care and control of the two children be awarded to appellant, their mother, for nine months of each year and to the intervenor, Joe D. Immel, during the months of June, July and August of each year. Vernie L. Immel was required to pay to appellant $15 per month for the support of each of the children during the nine months of each year they were

in the custody of appellant and until they reached the age of sixteen years respectively.

Appellant duly excepted to the judgment, gave notice of appeal, and brings the case to this court upon a single assignment of error to the effect that the court erred in dividing the custody of the children between her and their grandparent, Joe D. Immel.

The testimony showed that appellant was reared in the home of her brother, Taylor Thurman; that she and her children will make their home with him and his wife at Gage, Oklahoma; that the brother and his wife are willing and anxious to provide a home for them; that they are amply able to provide a comfortable home and such support as might be necessary to supplement the contributions required of the father; that appellant herself owns several head of cows; and that she is in good health and capable of earning money by her own efforts. There is no finding that she is not capable and a fit and proper person to have the complete custody and control of her children and no such finding would have been warranted by the evidence. On the other hand, by decreeing their custody to her for nine months of each year, the court impliedly found she was a proper and suitable person to have their custody and that she was able and fully qualified to rear them in a proper manner and give them the home surroundings necessary for their proper development into good citizens.

While there are some opinions in the books from the courts of this state in which the division of custody of children was approved, it is generally held that it is unwise and not for the best interests of children to subject them to such a condition. Swift v. Swift, Tex.Civ.App., 37 S.W.2d 241; Martin v. Martin, Tex.Civ.App., 132 S.W.2d 426; Dunn v. Dunn, Tex.Civ.App., 217 S.W.2d 124; Byrd v. Byrd, Tex.Civ.App., 195 S.W.2d 822, and authorities cited in those cases. The courts of other states have taken the same view. Towles v. Towles, 176 Ky. 243, 195 S.W. 437; Larson v. Larson, 176 Minn. 490, 223 N.W. 789; Bennett v. Bennett, 200 Iowa 415, 203 N.W.

26; Campbell v. Campbell, 96 N.J.Eq. 398, 130 A. 361.

In the case of Martin v. Martin, supra, the court of Civil Appeals of the Tenth District expressed sound and cogent reasons why it is not for the best interests of children to divide their custody between divorced parents and certainly those reasons would be accentuated when applied to a division of such custody between a competent parent and others, even though the others were close relatives. Those reasons were of such a convincing nature that they were repeated and quoted by the Court of Civil Appeals of the Third District in the case of Byrd v. Byrd, supra. In Dunn v. Dunn, supra, this court expressed other sound reasons why children should not be subjected to such unsettled conditions of existence. It might be that conditions of parents and children could be revealed in which the only solution of the problem would be to divide the custody of children between them or between one of them and other parties but such a condition is difficult to conceive and certainly this case does not reveal such a necessity.

The record shows the trial judge was deeply concerned over the matter of custody of these children and he no doubt did what he thought was best for their welfare; but in our opinion, it would be inimical to their best interests to require them to change their homes and cast them into different surroundings every few months.

From what we have said it follows that, in our opinion, the court erred in dividing the custody of these children between appellant and their grandfather, Joe D. Immel, and that appellant's assignment of error should be sustained. The portion of the decree entered by the court below which awards the custody of Mickie L. and David L. Immel to appellee, Joe D. Immel, during the months of June, July and August of each year will be reversed and judgment here entered that appellant be awarded their full care, custody and control. Otherwise the judgment of the court below will not be disturbed.