**JONES v. GAY et ux.**

**No. 15425.**

Court of Civil Appeals of Texas.
Fort Worth.

May 8, 1953.

Rehearing Denied June 5, 1953.

Cole, Patterson, Cole & McDaniel, and Joseph Kirchheimer, all of Houston, for appellant.

Frank G. Dyer, and W. H. Watts, both of Houston, for appellees.

RENFRO, Justice.

This is an appeal by Dudley B. Jones, father of two minor daughters eleven and thirteen years of age respectively, from that part of a judgment awarding part-time custody of said children to George H. and Sadie H. Gay, their maternal grand-parents.

Jones was married to Mary Gay in 1937. The appellees, Mr. and Mrs. Gay, soon after the second child was born in 1940, moved into the home of appellant and wife, and with the exception of a two year period continued to live in the home until November, 1951. Mary Gay Jones died in June, 1951. Appellees brought suit for the custody of the two children in December, 1951, alleging that the father, appellant herein, was an unfit person to have custody of his children.

The case was tried and judgment entered on October 22, 1952. General custody of the children was awarded to appellant, but appellees were given special custody from June 15 to August 15 each year, and for forty-eight hour periods at stated intervals during the year.

The trial court filed no findings of fact or conclusions of law. The judgment, however, recited that appellant and appellees are suitable persons to have custody of the children, and further that the peculiar circumstances of the case must be taken into consideration in determining the best interest of the children.

Six points of error are briefed by appellant, but in substance his contention is the court erred in dividing the custody of the children in the face of the express finding of the trial court that appellant was a suitable person to have custody of his children, the record being void of any pleadings or proof of abandonment, relinquishment, non-support or other circumstances presenting a legal barrier to his right to full custody.

It is true the appellees offered evidence questioning appellant's fitness to have custody of the children, but the court expressly found him to be a fit person to have custody.

No contention is made that appellant ever relinquished possession or custody of the children, or failed to support them. They never lived anywhere other than with appellant in his own home. When appellees moved from appellant's home, the children remained with their father.

Appellant has remarried. The evidence shows that appellant and his present wife are taking proper care of the children involved.

Under the provisions of Article 4118, R. C.S., if the parents live together the father is the natural guardian of the minor children by the marriage. If one parent is dead, the survivor is the natural guardian of the minor children.

Under the above provisions of the law and the facts of this case, the

mother being dead, the appellant, being the surviving parent, has the prima facie right to the custody of the children. The burden of establishing by a preponderance of the evidence rested on appellees to show that this prima facie right has been overturned. This they could have done by showing the unfitness of the appellant, or his incapacity, or any other condition, the legal effect of which would be to demonstrate that the best interest of the children would be served by giving them custody. Castro v. Castellanos, Tex.Com.App., 294 S.W. 525; Duckworth v. Thompson, Tex.Com.App., 37 S.W.2d 731.

■ Ordinarily, the law presumes that the best interest of the child will be served by allowing it to remain in the custody of the parent. Legate v. Legate, 87 Tex. 248, 28 S.W. 281; Dunn v. Jackson, Tex.Com. App., 231 S.W. 351.

The Supreme Court in Davis v. Sears, Tex.Com.App., 35 S.W.2d 99, 102, after recognizing the natural right of the natural parent, said: "But the parents' right to the custody of their child, however, is not absolute, but is subject to judicial control, * * *. But the exercise of this judicial control, antagonistic to the right or control which the law gives to the parents of the minor, can only be exercised where the testimony in the case shows either the *unfitness* of the parents, or their *incapacity,* or any other *condition,* the legal effect of which would be to demonstrate that the best interest of the child would be subserved by giving its custody to another than the parents. As a basis for the exercise of judicial control over the minor, in the absence of pleading and proof, that the parents are unfit to have the care and custody, of their child, as in this case, there must be pleading and proof, to the effect that the parents have voluntarily relinquished their natural and statutory right to have this care and custody." (Emphasis ours.)

In the instant case, the appellees did plead and offer proof of appellant's unfitness, but the trial court found against their contention. They neither plead nor offered proof that appellant had ever relinquished his natural and statutory right to the care and custody of his daughters.

Carter v. Lambert, Tex.Civ.App., 214 S.W. 566, 568, was a custody suit between the father of a minor child and the maternal grandparents. The trial court found that both parties were suitable persons to have control and custody of the child and thereupon awarded the child to the father for nine months and to the grandparents for three months. This court held, after stating the facts and citing several cases: "Hence we conclude that the trial court erred in so much of the judgment rendered as awarded the custody of the minor child to the grandparents for the vacation period. As the father is a fit person to have the care, custody, and control of the child for the nine months of the year, and the evidence fails to show any disqualification existing in the father for such custody during the other three months, it follows that he is a fit person to have the care, custody, and control during the entire year, and that under the authorities cited and for the reasons given the trial court should have rendered a judgment awarding the custody of the minor child to the father for the entire time."

In Immel v. Immel, Tex.Civ.App., 231 S.W.2d 732, the trial court, in a divorce judgment, had awarded the minor child to its mother for nine months and to its paternal grandparents for three months of each year. The appellate court held that the trial court erred in dividing custody and rendered judgment awarding the mother full custody.

The El Paso Court of Civil Appeals, in Ochotorena v. Galarza, Tex.Civ.App., 210 S.W.2d 473, 475, where custody had been divided between a natural parent and grandparents, after citing numerous cases, said: "Suffice it to say that in none of those cases nor in any which has come to our attention was there an attempt by grandparents to take from a parent custody of a child which the parent had never voluntarily surrendered or relinquished where such parent was a suitable person and in no way disqualified to have such custody, and whose natural or statutory right to

custody had never been 'forfeited by misconduct or lost through misfortune.'"

In the instant case, the court having found the father to be a suitable person to have custody of his children, and there being no other grounds pleaded or proven, whereby he was disqualified to have custody of his children, such as voluntary relinquishment or misfortune, we hold that the court erred in awarding part-time custody of the children to the grandparents. The evidence discloses no reason why the appellant and his wife are not as well qualified to care for the children full time as they are to care for them ten months of each year. The appellees having failed in their efforts to prove the appellant unfit, and there being no pleadings or proof of any other disqualification on the appellant's part, the appellees have failed to overcome the presumption that the best interest of the children will be subserved by leaving their full care, custody and control in the appellant, their natural father.

The appellees have not appealed from that part of the judgment finding appellant to be a suitable person to have custody and awarding him general custody. They request that the judgment rendered by the trial court be affirmed. It is their position that the children having lived with all the parties while appellees resided in appellant's home, it must be presumed the court found the best interest of the children would be subserved by awarding part-time custody to appellees. In support of their position they cite and rely on Williams v. Perry, Tex.Civ.App., 40 S.W.2d 929, affirmed Tex.Com.App., 58 S.W.2d 31; Cecacci v. Martelli, Tex.Civ.App., 235 S.W. 951, error ref.; Robinson v. Wampler, Tex.Civ.App., 202 S.W.2d 500; Long v. Smith, Tex.Civ.App., 162 S.W. 25; Dunn v. Jackson, Tex.Com.App., 231 S.W. 351; Radicke v. Radicke, Tex.Civ.App., 206 S. W. 964, and other cases. In all the cases cited by appellees the natural parent was found to be unfit or had previously relinquished custody to another person or persons.

We have found no case in which divided custody as between a natural parent and one not so related to the children has been approved.

That part of the judgment awarding appellees part-time custody of the children is reversed and judgment here rendered giving appellant full care, custody and control of said children.