Feral Herbert JOHNSON et al., Appellants,

v.

Bruce JOHNSON, Appellee.

No. 6702.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 21, 1957.

Rehearing Denied Nov. 18, 1957.

Boyer & Lemon, Perryton, for appellants.

Hoover, Hoover & Cussen, Canadian, Allen & Allen, Perryton, for appellee.

CHAPMAN, Justice.

On May 13, 1944, Andrew Earnest Johnson and Lula Lavenia Johnson, husband and wife executed a joint and mutual will, the more pertinent provisions with respect to this appeal being as follows:

"It is our will that the survivor of us have the entire personal property of our estate to manage, control and dispose of during his or her lifetime and as to the real estate it is our will and desire that the survivor have the use, management and the control and the rents and benefits thereof during his or her lifetime and that upon the death of the survivor of us that our real estate become the property of our beloved children as hereinafter bequeathed."

The will appoints the survivor as executor or executrix without bond and provides that upon the death of the survivor their son, Earnest Bruce Johnson, appellee herein, shall be executor without bond. Said will also left the survivor a life estate in six quarter sections of land in the State of Oklahoma with remainder to their six children and with each quarter section described that each child was to receive. Andrew Earnest Johnson died on January 30, 1945, and Lula Lavenia Johnson, his surviving widow subsequently qualified as executrix of the estate and a final decree closing such estate was entered in the County Court of Beaver County, Oklahoma on February 15, 1946.

In January 1946, with personal property of herself and deceased husband, the surviving widow purchased Lot No. 8 in Block No. 2 in the Forbes Addition to the City of Perryton, Texas, on which was located a dwelling house. On April 16, 1947, this property just described was conveyed to appellee herein, Bruce Johnson.

In 1946, Lula Lavenia Johnson and her son, Bruce Johnson created a joint bank account and in connection therewith executed the following instrument:

"Joint Account—Payable to either or survivor. We agree and declare that all funds now, or hereafter, deposited in this account are, and shall be our joint property and owned by us as joint tenants with right of survivorship, and not as tenants in common; and upon the death of either of us any balance in said account shall become the absolute property of the survivor. The entire account or any part thereof may be withdrawn by, or upon the order of, either of us or the survivor.

"It is especially agreed that withdrawals of funds by the survivor shall be binding upon us and upon our heirs, next of kin, legatees, assigns and personal representatives. Signed, Mrs. A. E. Johnson; Bruce Johnson."

Lula Lavenia Johnson died on November 2, 1954. Shortly thereafter the Perryton National Bank in which such joint account had been deposited paid the $12,735.57 then on deposit in the joint account of Lula Lavenia Johnson and Bruce Johnson to the latter.

This suit was filed by Feral Herbert Johnson and his three sisters, Corda May Seal, Leah Bessie Ollenberger, and Grace Campbell, joined by their respective husbands, Leo Seal, Ed Ollenberger, and Vergil W. Campbell against Bruce Johnson challenging the right of their mother, Lula Lavenia Johnson to deed the above described property to Bruce Johnson and the right of Bruce Johnson to withdraw from the bank the $12,735.57 in the joint bank account of himself and his deceased mother. The case was tried to the court and a "take nothing" judgment rendered against appellants, after which they requested Findings of Fact and Conclusions of Law. Such findings, as they affect this appeal were that the survivor of the joint will should have the entire personal property of the estate to manage, control and dispose of during his or her lifetime and as to real estate the use, management and control and the rents and benefits thereof during his or her lifetime; that upon the death of the survivor any personal property should be divided among their children share and share alike; that Lula Lavenia Johnson by deed of gift conveyed the lot above described to Bruce Johnson; and that she and Bruce Johnson created the joint bank account above described.

Such Conclusions of Law, as they affect this appeal, were that the entire personal property of the testators passed and became the property of Lula Lavenia Johnson to dispose of during her lifetime without limitations; that the deed of gift to Bruce Johnson of the lot in question was an authorized and valid disposition and that title passed to him; and that the written instrument creating the joint bank account with right of survivor created a present contractual right whereby either of them could withdraw any or all of the funds, and the right of the survivor of them to withdraw such funds at the death of either was created in praesenti, and upon the death of Lula Lavenia Johnson, her son, Bruce Johnson, appellee herein, had the legal right to withdraw such funds as remained in the joint bank account as his own property.

■ Appellants' first point of error complains of the court's holding to the effect that the funds on deposit in the joint bank account were given to Bruce Johnson by his mother prior to her death.

Of the cases cited in the briefs of all parties hereto the one nearest in point on the facts of the case at bar is Adams v. Jones, Tex.Civ.App., 258 S.W.2d 401, 403. In that case there was a joint bank account in the name of Lemon Adams and his niece, Ruth Jones. The instrument executed in connection therewith, except for the names of the parties, was in the exact language of the instrument executed by Lula Lavenia Johnson and Bruce Johnson. The facts of the case just above cited are actually stronger for the contention of appellee herein than are the facts of our own case. In that case all the monies deposited to the joint account were the separate funds of Lemon Adams and all deposits and withdrawals were made solely by him. Ruth Jones never at anytime made a deposit. In our own case Bruce Johnson testified to depositing money of his own in the joint account and the evidence shows he drew at least thirty checks on it in the lifetime of his mother. Judge Hughes speaking for the Court of Civil Appeals at Austin in holding the balance of the joint account became the absolute property of Ruth Jones, the survivor said:

"The agreement before us does not merely authorize the bank to pay the deposit to the survivor but by plain language of easy understanding it absolutely constitutes the survivor the sole owner of the fund.

"We consider the validity of this agreement to be sustained and the ques-

tion foreclosed, insofar as this Court is concerned, by the decision in Chandler v. Kountze [Tex.Civ.App., 130 S. W.2d 327] and the action of the Supreme Court in refusing a writ of error to review such opinion.

"The grounds upon which courts have sustained such agreements have varied. Some courts have relied upon the law of gifts, others upon the law of contracts and trusts. See 7 Am.Jur., Secs. 426–436, 9 C.J.S., Banks and Banking § 286, p. 595, and the very able opinion in Beach v. Holland, 172 Or. 396, 142 P.2d 990, 149 A.L.R. 866, Annotations same volume, p. 879.

"We will not indudge [sic] in a prolonged discussion of the academic. The agreement having validity must be enforced irrespective of the reasons sustaining it.

"We will state, however, that we prefer the view that Lemon Adams made gifts in praesenti to Ruth Jones of all deposits made by him subject to the terms of the agreement."

Under the authority of the case of Adams v. Jones supra we hold the instrument creating the joint bank account in the Perryton National Bank created a present contractual right whereby either of the signatories to the instrument could withdraw any or all of the funds deposited at any time after the creation of the account and the right of the survivor of them to withdraw such funds at the death of either was created in praesenti and upon the death of Lula Lavenia Johnson, Bruce Johnson had the legal right to withdraw such funds as remained in the joint account as his own property. This holding is supported by the other following authorities: Shroff v. Deaton, Tex.Civ.App., 220 S.W.2d 489; Chandler v. Kountze, Tex. Civ.App., 130 S.W.2d 327 (writ refused); and Pruett v. First National Bank of Temple, Tex.Civ.App., 175 S.W.2d 658.

Appellants place much reliance on the case of Olive v. Olive, Tex.Civ.App., 231 S.W.2d 480 for their contention on the assignment under discussion. The instrument creating the joint checking account in the Olive case easily distinguishes it from the instant case, as do the other facts therein which we deem unnecessary to relate. In the Olive case the court held that the form and content of the joint deposit card did not conclusively establish ownership of the account in the survivor. In that respect we agree with the statement of Judge Hughes in Adams v. Jones supra [258 S.W.2d 403] wherein he said: "The court in its opinion (speaking of the Olive case) did not cite Chandler v. Kountze and there was no occasion for it to do so because the agreement before it did not purport to fix ownership of the deposit in the survivor. It only authorized the bank to pay the deposit to the survivor." Appellant's Assignment No. 1 is overruled.

■■ Under appellants point No. 2 they urge as error the courts holding that Lula Lavenia Johnson in deeding Lot No. 8 in Block No. 2, Forbes Addition to the City of Perryton to her son, Bruce Johnson did so under the power of disposition given her in the joint will between herself and husband, Andrew Earnest Johnson. In their brief counsel for appellants make the admission that they have been "unable to find any Texas authority squarely in point on the question of whether this conveyance can stand under the circumstances in this case."

The will in question sets forth a full and comprehensive plan for the disposition of the property of the testators, even to designating by description the specific pieces of real estate to go to the children at the death of the survivor of the joint makers of the will. In this comprehensive plan they take care of the survivor of them by providing *the entire personal property shall go to such survivor to manage, control and dispose of during his or her lifetime,* and as to the real estate *the survivor should have the use, management and control and the rents and benefits thereof* (emphasis added). As we understand the will it gave to the sur-

vivor, in language free of ambiguity the unqualified and unrestricted right to dispose of the personal property and gave him or her the rents and revenues of the real property during the lifetime of such survivor and likewise limited the rights of the remaindermen to whatever estate remained in the survivor at his or her death. Harrell v. Hickman, 147 Tex. 396, 215 S.W.2d 876, 879.

As was said by Judge Hickman, Chief Justice of the Supreme Court of Texas in the case just cited, "we are not authorized to impose a limitation upon that right or by implication to grant any right to the remaindermen other than to acquire that which might remain after the death of the survivor."

Appellants cite the New York case of Rastetter v. Hoenninger, 214 N.Y. 66, 108 N.E. 210 and Heller v. Heller, Tex.Civ. App., 233 S.W. 870 as authority for their contention on Point No. 2. In neither of these cases is such unrestricted authority granted the survivor as in the instant case.

In discussing the word "dispose" Vol. 27 C.J.S. at page 345 says " * * * The word, however, is generally used in connection with the preposition 'of,' * * * although it is sometimes * * * employed as meaning * * * to alienate, bargain away, barter, bestow, convey, exchange, give, give away or transfer by authority * * *." As it was used in the will under consideration we believe, and so hold that it gave the right and authority of the survivor to dispose of the personal property as she desired. If it pleased her to use it in buying a home in Perryton and giving it to her son, Bruce Johnson, we see no restrictions in the will preventing it.

 Testimony was offered to the effect that some of the rents and revenues from the real estate held in remainder were used in paying for the house. She had the perfect right to do so under the authority of Gibony v. Hutcheson, 20 Tex.Civ.App. 581, 50 S.W. 648 and to dispose of the property purchased in any manner she desired.

 Appellants, in arguing that Bruce Johnson never acquired legal title to the house and lot assert in their brief that Lula Lavenia Johnson retained exclusive possession of same until her death. We do not find any evidence of probative force in the record substantiating such statement. We do find the unchallenged statement from Bruce Johnson that she lived there irregularly.

 Where a mother by valid deed has conveyed a child a house and lot the fact that she was permitted by the child to live in the house, whether regularly or irregularly, is not inconsistent with his title and ownership. Especially is such fact not inconsistent from the record before us in the case at bar. No authority having been cited us that precluded Lula Lavenia Johnson from disposing of after acquired real estate purchased with personal property she unquestionably had the right to use and dispose of during her lifetime we overrule appellants' second point.

Accordingly, the judgment of the court below is affirmed.