**Barbara HUFFMAN, Appellant,**

v.

**Joe HUFFMAN, Appellee.**

**No. 7650.**

Court of Civil Appeals of Texas.

Amarillo.

Oct. 24, 1966.

Shaver, Hurley & Sowder, Lubbock, Dan M. Hurley, Lubbock, of counsel, for appellant.

LaFont, Tudor, Tunnell, Formby & Reep, Plainview, Bill LaFont, Plainview, of counsel, for appellee.

CHAPMAN, Justice.

This is a venue case.

On July 22, 1963, in Hale County a judgment of divorce was granted Joe Huffman against Barbara Huffman in a suit filed by him. Prior thereto the parties had entered into an agreement respecting their community property rights, custody of their minor children and child support payments to be made by the plaintiff-father. As part of such agreement was the following inclusion concerning child custody:

"That said children are yet of tender years and need the attention of their mother, Barbara Huffman and that the care, custody and control of said children, subject to the approval of the court, should be awarded to their mother, however, Joe Huffman shall have the privilege of seeing and visiting with said children, without harrassment or embarrassment, every Sunday afternoon (2:00 to 6:00 o'clock p.m.), provided Barbara Huffman is notified of his intention to do so at least 24 hours prior to his visit; and when said children become older, and subject to further orders of the court, said children may visit through the summer months with their father, Joe Huffman. Future visitations and custody is to be left to court determination."

The trial court in the judgment and decree of July 22, 1963, entered as part of such judgment the language quoted in the preceding paragraph.

Following the divorce mentioned, Barbara Huffman moved with her children to Lubbock County, has lived there since and has not lived in Hale County since 1963.

On December 16, 1965, Joe Huffman filed in the same district court of Hale County a pleading he designated "Motion" in which he sought to have the four-hour weekly visitation period to which he had agreed in 1963 changed so as to permit him to have the three children in his home one week-end each month between the hours of 8:00 o'clock a.m. on Saturday morning until he delivered them to their mother by 5:00 o'clock p.m. on Sunday afternoon, three days each year during the Christmas holidays, and have them for the full time during June, July and August of each year until they reach their majority.

Mrs. Huffman filed a plea of privilege to have the hearing moved to the county of her residence. Appellee controverted with the claim that the case comes within Section 30 of Article 1995 of Vernon's Texas Civil Statutes. Said exception to the right of one to be sued in the county of his or her residence provides: "Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

The trial court overruled the plea of privilege. We hold it committed reversible error in so doing.

Under Article 4639, Vernon's Texas Civil Statutes, a suit to again litigate and adjudicate the custody of minor children whose custody had been previously litigated and adjudicated at a term of court which had expired was a new suit or an independent cause of action. Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016. This is true notwithstanding the trial court entering the judgment undertook to retain exclusive jurisdiction to afterwards re-adjudicate and change custody. Lakey v. McCarroll, supra; Black v. Black, Tex.Civ.App., 2 S.W.2d 331 (N.W.H.), cited as authority in Lakey v. McCarroll, supra.

Article 4639a evidences no legislative intent to give the divorce court exclusive jurisdiction over later independent actions. Lakey v. McCarroll, supra.

The request for modification or change of custody in Glasgow v. Hurley, Tex.Civ.App., 333 S.W.2d 658 (N.W.H.) was less radical than the request granted by the trial court in the instant case and the

Dallas Court of Civil Appeals held the pleadings and judgment involved a change in custody and not a mere change in visitation privileges. In our case, as there, we shall not attempt to point out the dividing line between change in visitation privileges and change in custody but clearly the radical change requested here constituted a change in custody. Since the pleading seeks a change or modification in the judgment of July 22, 1963, " * * * it constitutes a separate, independent suit, the venue of which lies in the county of defendant's [appellee's] residence. Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Spell v. Green, 144 Tex. 535, 192 S.W.2d 260. * * * "[1]

■ What we have said disposes of the venue question but in the event of a trial on the merits we feel it is only fair to call to the attention of appellee that this court has for many years adhered to the principle that the division of custody of minor children should never be done " * * * except under special conditions in which there is no reasonable alternative and it is made essential and absolutely necessary." Dunn v. Dunn, Tex.Civ.App., 217 S.W.2d 124 (writ dism.); Immel v. Immel, Tex.Civ.App., 231 S.W.2d 732; Bezner v. Sawyer, Tex.Civ.App., 217 S.W.2d 858; Kelly v. Applewhite, Tex.Civ.App., 231 S.W.2d 974 (N.R.E.). Courts of other jurisdictions have taken the same view. Towles v. Towles, 176 Ky. 225, 195 S.W. 437; Larson v. Larson, 176 Minn. 490, 223 N.W. 789; Bennett v. Bennett, 200 Iowa 415, 203 N.W. 26; Campbell v. Campbell, 96 N.J.Eq. 398, 130 A. 361.

The reasons for such rule are well stated by a former distinguished chief justice of the Supreme Court of Texas when he was serving as justice of the Court of Civil Appeals at Waco[2] in the following language:

"In our opinion, the original decree awarding the child part time to each of the parents was unwise. Certainly, no child could grow up normally when it is hawked about from one parent to the other with the embarrassing scene of changing homes at least twice each year. Such decrees are usually prompted by a laudable desire to avoid injuring the feelings of the parents, but the net result is a permanent injury to the child without any substantial benefit to the parents. In addition to the lack of stability in his surroundings, the child is constantly reminded that he is the center of a parental quarrel. It is readily apparent that such practices are calculated to arouse serious emotional conflicts in the mind of the child and are not conducive to good citizenship. Moreover, the parents are continuously pitted against each other in the unenviable contest of undermining the child's love for the other parent. Each parent is afraid to exercise any sort of discipline for fear of losing out in the contest. As a result, the child is reared without parental control. Such decrees by which the child is awarded part time to each of the parents have been condemned by numerous decisions."

■ The Supreme Court of Texas in Mumma v. Aguirre, 364 S.W.2d 220 has recently stated that " * * * our courts do not normally concern themselves with the righteousness of claims to custody of children; their paramount concern is with the best interests of the children."

The judgment of the trial court is reversed and the case is ordered transferred to Lubbock County.

1. Hunt v. Boyd, Tex.Civ.App., 193 S.W.2d 970.

2. Martin v. Martin, Tex.Civ.App., 132 S.W. 2d 426, 428.