Cynthia J. BROWN, Appellee,

v.

Frederick E. BROWN, Jr., Appellant.

No. 52558.

Supreme Court of Iowa.

Jan. 9, 1968.

Eckhardt, Goedken & Burns, Muscatine, for appellant.

Cynthia J. Brown, pro se.

LeGRAND, Justice.

On February 3, 1966, a decree was entered granting plaintiff a divorce and awarding her custody of two minor children, Shelle Faith, 4½, and Douglas Dean, 2½. The decree provided defendant should have visitation rights with his two children each weekend from 9:00 A.M. on Saturday to 7:00 P.M. on Sunday and for two weeks each year during his vacation. He was ordered to pay $25.00 each week for the support of these children.

Six months later plaintiff filed an application for modification of the decree, asking that she be given permission to take the children to the State of Oregon, where she intended to reside permanently. This

application was resisted by defendant. After a hearing at which both parties introduced evidence, the trial court authorized the permanent removal of the children from this state to Oregon. Visitation rights were also modified by providing the children should return to Iowa each summer to stay with defendant for a period to be determined by him, but not in any event to exceed three months. The trial court abated support·payments during these summer visitation periods.

■ Defendant has appealed from this order, claiming plaintiff showed no change of circumstances since the original decree to justify the modification. It is, of course, well settled that a divorce decree is final as to circumstances then existing. It can be modified only if the moving party has carried the burden of proving by a preponderance of the evidence a substantial subsequent change in circumstances. When child custody is affected by the modification, the change relied upon must concern the welfare of the children. Jensen v. Jensen, 237 Iowa 1323, 1324, 25 N.W.2d 316, 317; York v. York, 246 Iowa 132, 135, 136, 67 N.W.2d 28, 33; Smith v. Smith, 257 Iowa 584, 589, 133 N.W.2d 677, 680.

The record shows plaintiff was employed in a manufacturing plant in Muscatine, Iowa, and was earning approximately $200.-00 a month. She was also receiving $25.00 a week as child support payments from defendant. His payments were current at the time of hearing on the application to modify. Plaintiff admitted defendant was a devoted father and availed himself regularly of the visitation rights granted under the decree of divorce. Plaintiff complained there was no opportunity for advancement in her employment. She professed a great distaste for life in Muscatine, and this emerges as the real reason for the move to Oregon, where she had spent some of her early life. She stated she would live there

with her mother and would operate her mother's antique shop. She produced no evidence as to the size of the business, its income, nor its financial possibilities for her except to say she would be able to do better things for her children. Plaintiff's stepmother testified the new home in Oregon would help plaintiff's morale. She expressed no opinion concerning its effect on the children.

Defendant testified to his affection for his children. According to him both he and they looked forward to, and enjoyed, the weekly visitations. Certainly he was faithful to the terms of the decree as to support. In fact he provided more financial help than required of him. He testified he would "be lost" without his children. He objected to the modification principally because it eliminated his opportunity for regular contact and association with them, which he described as far more desirable than a once-a-year relationship.

It will be noted plaintiff's evidence makes no reference to the welfare of the children, except the one unsupported statement of plaintiff that she would be able to do better things for them. The testimony related entirely to the effect which the move would have upon plaintiff. To justify a modification here, the change of circumstances must relate to the welfare of the children and plaintiff has shown none. York v. York, supra. Blundi v. Blundi, 243 Iowa 1219, 1226, 55 N.W.2d 239, 241; Bennett v. Bennett, 200 Iowa 415, 417, 203 N.W. 26.

Plaintiff's story as to what awaited her and her children in Oregon was at best uncertain and indefinite. She knew nothing about her mother's business; she did not know what income she would receive from it; she was unable to state anything about the living conditions which would confront her there except to say her mother had "a nice house." Plaintiff's evidence established simply that it was her desire to move

to Oregon; the welfare of the children was almost entirely ignored. In many respects this case bears close resemblance to Jensen v. Jensen, supra. There we said at page 1327 of 237 Iowa at page 318 of 25 N.W.2d, "The desired modification of the divorce decree would mean a change from known conditions that have proven conducive to the child's welfare to surroundings of which we know little and that may well prove not for her best interest. It would be in the nature of an experiment which should not be made." In that case, also, at page 1329, at page 320 of 25 N.W.2d, we approved a statement from 27 C.J.S. Divorce § 313, p. 1179, "It is against the policy of the law to permit the removal of the child from the jurisdiction unless its welfare would be better sub served thereby, and ordinarily custody should not be awarded to a nonresident or to one contemplating immediate removal from the state."

The original decree in this case contained no prohibition against removing the children from the state, and perhaps plaintiff needed no permission to do so. Smith v. Smith, 257 Iowa 584, 590, 133 N.W.2d 677, 680. We are fully aware that a reversal of the trial court's order will be of small comfort to defendant. He is presented with serious obstacles to the enforcement of the original decree. The record shows plaintiff and the children have already been out of the state for more than a year. Incidentally it also shows, although this is not important to our consideration of the case, plaintiff has now remarried and resides with the children in California. For all practical purposes his right to visit regularly with his children has been taken from him. As the trial court remarked, this is one of the unfortunate by-products of divorce.

■ However, this does not mean we should approve the modification if no justification for it appears. This appeal is de novo. We give considerable weight to the findings of the trial court but are not bound by them. We find nothing in the record permitting the order to stand. Therefore we must reverse.

■ We have said several times a divorce decree will not be modified unless its enforcement will be attended by positive wrong or injustice as a result of changed conditions. Welch v. Welch, 256 Iowa 1020, 1024, 129 N.W.2d 642, 644; Smith v. Smith, 257 Iowa 584, 589, 133 N.W.2d 677, 680 and citations. There is no such change of circumstances here.

The ruling of the trial court modifying the decree is reversed and the cause is remanded for entry of an order dismissing plaintiff's application for modification.

Reversed and remanded.

All Justices concur.