

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 25, 1957

Hon. Robert S. Calvert,
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Dear Mr. Calvert:

OPINION NO. WW-262

Re: Whether deceased joint
tenant's interest is
subject to inheritance
tax under submitted
facts.

We quote the following excerpt from your letter requesting the opinion of this office on the above captioned matter.

"An inheritance tax report has been filed with this department for the estate of Nellie R. Dillin who died intestate a resident of the State of Iowa by the decedent's two surviving sisters, Mrs. Cora B. Watts and Mary Lois Dillin.

"The only property owned by the deceased in the State of Texas is an undivided one-third (1/3) interest in 320 acres in the John Mark Survey, Abstract 555, Harris County, fully described in a deed dated October 16, 1926, of record in Volume 681, page 126, of the Harris County Deed Records, in which the father of Mrs. Cora B. Watts, Mary Lois Dillin, Blanche T. Dillin and Nellie R. Dillin, conveyed the property to them, his four daughters, as joint tenants with the express provision that upon the death or deaths of any of the four grantees the survivors of them would take the title to said property. Blanche T. Dillin died in 1952, and her undivided one-fourth (1/4) interest did not have sufficient value at that time to tax. The statutory exemptions of the three surviving sisters exceeded the value of the Texas property."

You state that the undivided one-third interest of Nellie R. Dillin now exceeds the statutory exemption and request the opinion of this office as to whether that interest was, upon passing to the survivors, subject to an inheritance tax.

A joint tenancy may legally exist in Texas if expressly created by contract. Chandler v. Kountze 130 S.W. 2d 327 (Tex. Civ. App., 1939 Error ref.) Adams v. Jones, 258 S.W. 2d 402 (Tex. Civ. App., 1953). The following definition of a joint tenancy is given in 14 Am. Jur. 79, Cotenancy, Sec. 6.

> "An estate in joint tenancy is one held by two or more persons jointly, with equal rights to share in its enjoyment during their lives, and having as its distinguishing feature the right of survivorship or jus accrescendi, by virtue of which the entire estate, upon the death of any of the joint tenants, goes to the survivors, and so on to the last survivor, who takes an estate of inheritance free and exempt from all charges made by his deceased co-tenants. . ."

This being the nature of the estate which was created by the deed from the father to the sisters, the question is whether on the death of Nellie R. Dillin there was a taxable transfer under Article 7117, Vernon's Civil Statutes. The pertinent portions of Article 7117 are the following:

> "All property within the jurisdiction of this State, . . .which shall pass absolutely or in trust by will or by the laws of descent or distribution of this or any other State, or by deed, grant, sale, or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor, shall, upon passing. . . be subject to a tax. . . . Any transfer made by a grantor, vendor, or donor, whether by deed, grant, sale, or gift, shall, unless shown to the contrary, be deemed to have been made in contemplation of death and subject to the same tax as herein provided, if such transfer is made within two (2) years prior to the death of the grantor, vendor, or donor, of a material part of his estate, or if the transfer made within such period is in the nature of a final distribution of property and without adequate valuable consideration."

The general rule is that no tax may be imposed in respect to property acquired by survivorship in case of a joint tenancy under statutory provisions taxing transfers by will or by intestate laws. 85 C.J.S. 902, Taxation, Sec. 1143; Attorney General v. Clark, 110 N.E. 299 (Mass. Sup. 1915); 61 C.J. p. 1650 note 44; In re Rentz's Estate, 61 N. W. 2d 148 (Mich. Sup. 1953).

In 4 C.C.H. Inheritance, Estate and Gift Tax Reporter, par. 1570B, p. 80,212, the following explanation of the general rule is given.

> ". . .Jointly owned property is usually considered taxable only by specific statutory provision, because, owing to the fact that the interest of the decedent passes by right of survivorship there is not a transfer by will or under the intestate laws, so that a specific provision is necessary to bring such joint estates within the scope and operation of the act. The cases, in fact, are almost unanimous in holding that the interest of the survivor comes not by inheritance or succession, and that, accordingly there is no transfer under the intestate laws. The theory on which the taxation of such property is justified is that, while the vesting of the entire estate by right of survivorship is not an inheritance or succession, nevertheless the death of the decedent ordinarily makes the survivor the sole and undisputed owner. Such death enlarges, in practical effect, the quantity of his estate, for up to the death of the deceased joint owner it was within his power to have changed the joint estate to a tenancy in common, and hence death, from this point of view, is the generating source which consummates the joint estate in its full plentitude. But this theory is not wholly convincing or satisfactory, and, like the attempt to tax insurance and dower, rests on an implied assumption which does not stand the test of analysis. The attempt to tax such interest may be criticized as perhaps an unwise extension of inheritance taxation to objects properly beyond its reasonable scope. In addition to the Federal Government most of the states have a specific statutory

provision making the vesting of joint estates by right of survivorship taxable. A number of states have no statutory provisions, and in most of these joint estates are not taxed, but in South Dakota, prior to the adoption of a specific provision taxing as to jointly held property, the taxing authorities taxed such interest as a matter of general construction. The soundness of such a construction is possibly open to doubt."

You are therefore advised that no inheritance tax accrued when the surviving sisters succeeded respectively to 1/2 of the deceased sister's interest.

## S U M M A R Y

The surviving joint tenants do not owe any inheritance tax upon the interest received at the death of a joint tenant.

Yours very truly

WILL WILSON
Attorney General

By: Marietta McGregor Payne
Assistant

MMP/fb

APPROVED:

OPINION COMMITTEE:

George P. Blackburn, Chairman

Ralph Rash

Wm. R. Hemphill

REVIEWED FOR THE ATTORNEY GENERAL

By: James N. Ludlum