

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 8, 1962

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-1348

Re: Taxability for inheritance
tax purposes of survivor's
interest in savings account
held by survivor and a de-
cedent as joint tenants
with right of survivorship.

Dear Mr. Calvert:

We quote the following excerpt from your letter requesting
an opinion of this office on the above captioned matter:

"The final inheritance tax report
for the Estate of Nellie Cloyd, deceased,
Dallas County, Texas, is now before this
department for final disposition, and
while making our usual investigation of
the return, we find the decedent had a
joint savings account with the right of
survivorship with the Republic National
Bank of Dallas standing in the name of
the decedent and Varina McKinney, and
to which account Varina McKinney had
deposited $479.25; balance of the ac-
count at date of death was $5,027.66.

"This department has included this
account for inheritance tax purposes,
less the amount deposited by Varina
McKinney, . . .

"Since this account still remained
in the bank upon the date of death of
Nellie Cloyd, Varina McKinney did not
come into possession and enjoyment of
this account until death. Therefore,
under the provisions of Article 7117,
this account is includible for inheri-
tance tax purposes."

You state that the attorney for the estate has objected to
the action of your department in including the account for inheri-
tance tax purposes, and you have attached to your letter request-
ing the opinion of this office a letter setting forth his objec-
tions.

The attorney's position may be summarized as follows. Attorney General's Opinion No. 0-2850 held that where a decedent had placed funds in a bank account in the name of the decedent or her daughter, upon which either could draw checks, that on the decedent's death, the amount remaining in the bank account passed to the daughter in possession and enjoyment as a gift from the mother, intended to take effect after the mother's death.[1] Therefore, the opinion held said amount to be subject to inheritance taxes. In the course of the opinion, the writer stated that he was unable to find where any joint tenancy was created, and that the daughter had received no vested interest in the money at the time the decedent had deposited it.

Our attention is directed to the recent Supreme Court decision in Davis v. East Texas Savings & Loan Association, ___ Tex. ___, 354 S.W.2d 926 (1962), in which the court held that where a $6,000.00 stock certificate had been purchased with separate funds by a single man and issued in his name, and subsequently, after his marriage, the certificate was changed to read "L. L. Davis or Mrs. L. L. Davis", and at the same time a signature card was signed by Mr. and Mrs. Davis, which stated that the certificate was held by them as joint tenants with right of survivorship, upon Davis' death, Mrs. Davis became the sole owner of the $6,000.00.

It is specifically called to our attention that the court said at page 931:

> ". . . When the contract was made by L. L. Davis with East Texas, Mrs. Davis was thereby vested with a present, though defeasible, interest in the deposit. Her interest would have been defeated if the certificate had been changed by Davis or the deposit had been withdrawn before his death, or if Mrs. Davis had predeceased her husband. But when Davis died without the interest of Mrs. Davis having been defeated, she became the owner of the full title to the deposit. . . ."

---

[1] Article 7117, Vernon's Civil Statutes, presently carried as Art. 14.01, 20A, Tax.-Gen., V.C.S., provides, in part, as follows:

"All property within the jurisdiction of this State,. . .which shall pass. . .by deed, grant, sale or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor, shall, upon passing. . .be subject to a tax. . ."

The attorney for the estate takes the position that since Opinion No. 0-2850 did not find the existence of a joint tenancy or a vested interest, its result should not be reached in the instant case. We disagree.

At page 931 of the opinion in the Davis case the court said:

"Upon the death of L. L. Davis, Mrs. Davis became the owner of the $6000 on deposit with East Texas as her separate property. The contract made by Davis with East Texas was a valid and enforceable contract for the benefit of a third party. Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823, 828, 158 A.L.R. 470. In that case we held that United States Savings Bonds purchased by Mrs. Rhode and made payable to herself and on her death to Mrs. Edds, were, on the death of Mrs. Rhode, the property of Mrs. Edds. Our conclusion was predicated on a holding that the contract made by Mrs. Rhode with the United States Government was for the benefit of Mrs. Edds and that when the bonds were purchased Mrs. Edds acquired a present vested though defeasible interest in the bonds which ripened into full and absolute title upon Mrs. Rhode's death. That case and this case are not to be distinguished because the former involved bonds and this involves a savings and loan certificate."

The contract made by the Decedent in the case this office is now considering was a valid and enforceable contract for the benefit of a third party[2]. The Edds case cannot be distinguished

---

[2] In Adams v. Jones, 258 S.W.2d 401 (Civ.App. 1953), the court said at page 403:

"The grounds upon which courts have sustained such agreements /_joint tenancies with rights of survivorship_7 have varied. Some courts have relied upon the law of gifts, others upon the law of contracts and trusts. See 7 Am.Jur., Secs. 426-436, 9 C.J.S., Banks and Banking § 286, p. 595, and the very able opinion in Beach v. Holland, 172 Or. 396, 142 P.2d 990, 149 A.L.R. 866, Annotations same volume, p. 879.

(Continue)

from this case because it involved bonds and this case involves a joint savings account. The Davis case cannot be distinguished from this case because it involved a savings and loan certificate and this case involves a joint bank account. At the time the account was opened, the survivor acquired a vested, though defeasible interest, in the account which ripened into full and absolute title upon the Decedent's death. Death was the taxable event; and at this time, the inheritance tax was levied upon the Decedent's interest in the joint account.

In Attorney General's Opinion No. 0-2589, written in 1940, this office held that where a joint tenancy had been created in certain stock upon the death of the joint tenant who had caused the creation thereof, there was a taxable transfer for inheritance tax purposes of his one-half interest to the surviving joint tenant under the provision of what was then Article 7117, taxing transfers by "gift made or intended to take effect in possession or enjoyment after the death of the. . .donor". Even prior to the date of this opinion, you have informed us that it had been the consistent departmental construction for many years that such transfers were taxable. It is well settled that great weight should be given to departmental constructions of long standing, and such constructions will not be departed from unless clearly erroneous. 39 Tex.Jur. 235, Statutes, Sec. 126. Moreover, the Legislature has met many times since the departmental construction was placed on the statutory provision in question; and the Legislature is presumed to have acquiesced in such construction. Isbell v. Gulf Union Oil Co., 127 Tex. 6, 209 S.W.2d 762 (1948).

Two important Texas cases, the Bethea case, and the Cahn case,[3] have dealt with the taxability of transfers by deed, grant, sale or gift made or intended to take effect in possession or enjoyment after death.

---

[2] (Cont'd)     "We will not indulge in a prolonged discussion of the academic. The agreement having validity must be enforced irrespective of the reasons sustaining it."

If we be in error in our decision that joint bank accounts with rights of survivorship would be sustained in this State upon the law of contracts, it could make no difference in the tax result since regardless of whether such agreements are enforced under a legal theory of the law of contracts, or the law of trusts, or the law of gifts, the transfer remains one intended to take effect after death and is therefore taxable.

[3] Bethea v. Sheppard, 143 S.W.2d 997 (Civ.App. 1940, error ref.); Cahn v. Calvert, 159 Tex. 385, 321 S.W.2d 869 (1959).

In the Bethea case, Henry Henke and his wife executed a joint will and trust agreement which provided that the entire community estate should pass into a trust in the event the husband died first. Mrs. Henke and her daughter were to receive specified annual payments from the trust during Mrs. Henke's lifetime, and the payments to the daughter were to be increased and continued for eight years after the mother's death. At the end of such period, the corpus of the trust was to be distributed to the daughter, if she was then living, if not, at that time the property was to be held in trust for an additional five years and then delivered to the daughter's children. The husband died first and an inheritance tax was paid on his one-half of the community estate. Upon the subsequent death of Mrs. Henke, it was held in the Bethea case that the right of the daughter to succeed to the mother's community interest was taxable as a transfer by Mrs. Henke made or intended to take effect in possession or enjoyment after death.

We quote the following excerpt from page 1001 of the Bethea case:

> ". . . And thus the trust instrument
> by its own terms brings the instant case
> squarely within the statute, which does
> not impose the tax on the transfer of
> the property, nor on the passing of the
> property from the grantor, nor on the
> right to become beneficially interested
> in the property, but imposes the tax
> upon the passing of the property or
> interest therein when 'made or intended
> to take effect in possession or enjoy-
> ment after the death of the grantor'. . . ."

In line with this reasoning, we conclude that the fact that the surviving joint tenant became beneficially interested in the property in question prior to the death of the decedent makes no difference as to the question of taxability; rather, the inheritance tax became due upon the receipt by the surviving joint tenant of the Decedent's interest in said property.

We quote further from pages 1002 and 1003 of the Bethea case:

> ". . . Under the Federal Estate Tax
> Law, the primary question to determine
> is when the decedent or grantor parted
> with all property rights. Under our
> State Inheritance or Succession Tax
> Statute, the primary question is whether

the transfer was made or intended to
take effect in possession or enjoyment
after the death of grantor or settlor,
particularly in cases of transfer of
property in trust.  It is not a ques-
tion of when the beneficial interest
is created, but the tax is imposed
upon the right to receive in possession
or.enjoyment after the death of grantor
or settlor.  In consequence, a grantor
or settlor may create an irrevocable
trust during his lifetime, still if he
postpones the right of possession or
enjoyment of the beneficiary until
after grantor's death, the property
or any interest therein is subject
to the inheritance or succession tax
at or after his death.  Under our
statute, where either 'possession' or
'enjoyment' is made contingent upon
the death of grantor or settlor of
all or any part of the trust estate,
such transfer is taxable. . . ."

Thus again, the court made it clear that the primary ques-
tion under our inheritance tax statutes is *not* when the decedent
parted with property rights, but rather is whether the transfer
was made or intended to take effect in possession or enjoyment
after the death of the grantor or settlor.  The court stated
that if the possession or enjoyment of the property or any inter-
est therein is postponed to the beneficiary until the grantor's
death, the property is subject to an inheritance tax at his death.

In the Cahn case, supra, at page 872, the Supreme Court
again expressly approved the holding of the Bethea case.

On May 9, 1962 the Supreme Court handed down a decision
in Robert S. Calvert, Comptroller v. Fort Worth National Bank,
Independent Executor, 5 Tex. Sup. Ct. Jour. 362.  The question
passed upon by the court was whether property received by a bene-
ficiary of a will as a result of the election of the owner of
such property to accept under the will is to be regarded as
having passed by the will for the purpose of computing the inheri-
tance taxes imposed by Article 7117, Tex. Rev. Civ. Stat. 1925,
as amended, Acts 1945, 49th Leg., p. 148, ch. 98.  The last cited
statute was repealed in 1959, but its provisions in substantially
the same language were reenacted as Article 14.01, V.A.T.S., Tax.-
Gen.  The court held that the property received by the beneficiary
of the will as a result of the election of the owner did not pass
by will within the meaning of Article 14.01.

We quote the following excerpt from page 363 of the opinion:

". . . as pointed out in Magnolia
Petroleum Company v. Walker, 125 Tex.
430, 83 S.W.2d 929, it is proper to
consider the history of the subject
matter in arriving at the purpose and
intent of the law.

"Historically, death duties 'in all
countries rest in the essence upon the
principle that death is the generating
source from which the particular taxing
power takes its being, and *** it is
the power to transmit, or the transmis-
sion from the dead to the living, on
which such taxes are more immediately
rested.' See Knowlton v. Moore, 178
U.S. 41, 20 S. Ct. 747, 44 L.Ed. 969.
From a reading of our inheritance tax
statutes, we think the basic plan and
purpose of the Legislature was to levy
the tax upon the privilege of succeeding
to property belonging to a decedent at
the time of his death. . . ."

We think our holding on this question is consistent with
the basic plan and purpose of the Legislature to levy a tax upon
the privilege of succeeding to property belonging to a decedent,
because it is not until the death of the joint tenant that the
surviving joint tenant succeeds to the property.

However, we are of the opinion, in view of the presumption
that the shares or interests of joint tenants are equal, Attor-
ney General's Opinion No. O-2589, supra, and in view of the con-
tract creating the joint tenancy, that at the time of its crea-
tion, each co-tenant became vested, subject to defeasance, with
a one-half interest in the bank account; and that therefore only
one-half of said account passed to the survivor at the Decedent's
death. The inheritance taxes should be computed accordingly.

## S U M M A R Y

The decedent's one-half interest in a
bank account which the decedent and another
held as joint tenants with right of survivor-
ship is subject to an inheritance tax when

received by the survivor at the decedent's
death.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Marietta McGregor Payne
Marietta McGregor Payne
Assistant

MMcGP/jp

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Arthur Sandlin
Robert Scofield
Elmer McVey
W. E. Allen

REVIEWED FOR THE ATTORNEY GENERAL
By:  Houghton Brownlee, Jr.